CITY OF FORT WAYNE *v.* CHARLES CAMERON.

[No. 1277S811.  Filed December 14, 1977.]

GIVAN, C.J.—Appellee Charles Cameron was shot by a Fort Wayne police officer on June 20, 1969. The bullet struck him in the neck and paralyzed all four limbs. As a result of the injury he was confined in a hospital for more than one year. On March 16, 1970, he attained his majority and on April 3, 1970, he gave a formal notice of claim to the city.

Action was filed in Allen Superior Court on June 21, 1971. The city subsequently filed a motion to dismiss on the ground that plaintiff had failed to comply with the provisions of the city notice statute, IC 1971, 18-2-2-1, which requires a notice of claim against a municipal corporation to be given within 60 days of the incident. The trial court denied the motion to dismiss.

A change of venue was taken to the Noble Circuit Court where the city moved for summary judgment on the same ground. The trial court denied the motion for summary

judgment, ruling that on the basis of *Chaffin* v. *Nicosia,* (1974) 261 Ind. 698, 310 N.E.2d 867, the doctrine of *in pari materia* requires that the disability statute, IC 1971, 34-1-2-5, and the city notice statute, IC 1971, 18-2-2-1, be construed together with the result that Cameron would have 60 days after his incapacity was removed within which to file notice.

The Court of Appeals for the Third District reversed the trial court's determination. *City of Fort Wayne* v. *Cameron,* (1976) Ind. App., 349 N.E.2d 795. The Court of Appeals held that the statutes at issue are irreconcilably in conflict and therefore cannot be read together. The court also held that the statute was constitutional and there was no substantial compliance with the notice statute, notwithstanding the fact the police department had investigated the incident. In a dissenting opinion in the Court of Appeals, Judge Staton argued that to apply the notice statute strictly in this case would be to deprive Cameron's right of action unreasonably and arbitrarily and would, therefore, violate the constitutional guarantee of a remedy by due course of law. Judge Staton was of the opinion that the notice provision should be extended until a reasonable time after the incapacity was removed.

The statute in question, IC 1971, 18-2-2-1, reads as follows:

> *"Notice of claim against cities and towns.*—Hereafter no action or actions of any kind for damages arising from any negligence, wilfulness, nuisance, or other tort of any municipal corporation that causes injury to any person, or loss, injury or damage to any property, or any wrongful death, and regardless of to whom any such action or actions may accrue, shall be brought or maintained against any municipal corporation of this state unless there is first served upon either the mayor or clerk of any such city or a member of the board of trustees of any such town, either by delivery thereto in person or by registered mail with return card, a written notice of the occurrence complained of, setting out therein a brief general description of the date and time, the place, the conditions and cause, the nature and extent of the injury to person and loss, injury or damage, if any, to property, the date and cause of any

resulting death charged as wrongful and the nature of the damages arising to anyone therefrom, all as associated with and caused by such occurrence. Such notice shall be dated and signed by the person giving the same and must be served as aforesaid so as to be received by some such municipal official aforesaid within sixty [60] days after the occurrence complained of, regardless of what causes of action may arise or result therefrom, except that where snow or ice is associated with such occurrence as the cause thereof, in whole or in part such notice shall be so served within thirty [30] days after such occurrence."*

We first hold that Cameron cannot claim substantial compliance with the statute on the ground that the Fort Wayne police department investigated the incident within 60 days. This Court, in similar case, *Geyer* v. *City of Logansport*, (1977) 267 Ind. 334, 370 N.E.2d 333, has held that such a theory cannot be supported.

It was also decided in *Geyer* that the statute is not unconstitutional, thus disposing of another of plaintiff's grounds for reversing the Court of Appeals' decision.

We also hold that the doctrine of *in pari materia* does not apply in the case at bar. The disability statute, IC 1971, 34-1-2-5, which extends the time for bringing an action is patently in conflict with the notice of claim statute, IC 1971, 18-2-2-1, which operates as a bar to actions "regardless of to whom any such action or actions may accrue." Moreover, the disability statute does not come into play until after the applicable statute of limitations has run, *Chaffin* v. *Nicosia, supra;* while the notice of claim statute is not a statute of limitations but a procedural precedent to the remedy of bringing an action. *Thompson* v. *City of Aurora*, (1975) 263 Ind. 187, 325 N.E.2d 839. The two statutes therefore operate independent of one another. We hold that the opinion

---

* Present law is embodied in IC 34-4-16.5-1 *et seq*. This act provides for notice to be given within 180 days and extends the time for incompetents to file notice to 180 days after the incompetency is removed.

of the Court of Appeals must be vacated on much the same grounds as enunciated in the dissenting opinion of Judge Staton.

The majority opinion apparently was based on the premise that the liability of cities is solely statutory in nature and that the court therefore must follow the strict letter of the statute. In so holding, they followed the cases of *Touhey* v. *City of Decatur*, (1911) 175 Ind. 98, 93 N.E. 540; *Peoples* v. *City of Valparaiso*, (1912) 178 Ind. 673, 100 N.E. 70; and *Sherfey* v. *City of Brazil*, (1938) 213 Ind. 493, 13 N.E.2d 568. However, in 1941 this Court overruled the above line of cases and in so doing stated:

> *"We are unable to follow the reasoning by which the court arrived at the conclusion that such a claim as this is statutory,* although we recognize the fact that the statement of this conclusion has been many times repeated in the decisions of this court.
>
> "In states following the Massachusetts rule where there was no liability until it was created by statute, it is, of course, true that the liability is statutory. *But where, as here in Indiana, the New York rule was followed, one suffering injury by reason of the negligence of a city in maintaining its streets or sidewalks has a common law action of negligence for damages which accrues when the injury is suffered. The liability of the city is not created by any statute, it arises out of the failure of the city to perform a duty."* *Aaron* v. *City of Tipton*, (1941) 218 Ind. 227, 235, 32 N.E.2d 88, 91 (emphasis supplied).

The ruling in the *Aaron* case was recently followed by this Court in *Thompson* v. *City of Aurora, supra*. Although the legislature may prescribe certain procedures to govern the litigation of claims against cities, the corresponding liability does not emanate from statutory law, but from a common law duty of reasonable care.

In the case at bar Cameron acquired a common law right of action against the city for negligence subject to the procedural requirement of filing notice. Under the statute the 60-day period for filing notice cannot be extended. However if Cameron was mentally and physically

incapacitated to the extent that he was unable to give notice to the city within 60 days, a strict interpretation of the statute would deprive Cameron of his entire right of action without giving him an opportunity to comply. To permit such an application of the statute would not only be an arbitrary and unreasonable subversion of our Constitution, but would create a situation whereby a city could escape liability if the injuries suffered by an individual were so great that he was unable to comply with the terms of the statute within the 60-day period. Judge Staton recognizes this in his dissenting opinion and supports his position by citing *Burkard* v. *City of Dell Rapids,* (1955) 76 S.D. 56, 72 N.W.2d 308. We therefore hold that if Cameron was mentally and physically incapacitated so that he could not give the notice as required by the statute, he had a reasonable time after his disability was removed within which to file the notice to the city. We follow the reasoning of the dissenting opinion that to hold Cameron to the strict 60-day notice period, notwithstanding his incapacity during that period, would deprive him of his constitutional right to a "remedy by due course of law."

Transfer is granted in this case; the opinion of the Court of Appeals is set aside and the judgment of the trial court overruling the motion for summary judgment is sustained.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 370 N.E.2d 338.