Harry DUNN, Jr., Plaintiff-Appellant,

v.

CITY OF INDIANAPOLIS and James Highbaugh, Defendants-Appellees.

No. 1–383A84.

Court of Appeals of Indiana, First District.

Aug. 3, 1983.

Rehearing Denied Sept. 7, 1983.

Louis Buddy Yosha, Mark C. Ladendorf, Yosha & Cline, Indianapolis, Thomas Brenton, Brenton & Brenton, Danville, for plaintiff-appellant.

Richard S. Ewing, Danford R. Due, Stewart, Irwin, Gilliom, Fuller & Meyer, Robert M. Kelso, Indianapolis, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant Harry Dunn, Jr. appeals from a judgment of the Hendricks Circuit Court finding Dunn failed to comply with the notice provision of the Indiana Tort Claims Act. We affirm.

## FACTS

On April 6, 1977, Dunn and James Highbaugh, both Indianapolis police officers, went to a tavern while off-duty. Outside the tavern, Highbaugh drew his gun in an exhibition of his quick-draw abilities. The weapon discharged resulting in Dunn's quadraplegia. After regaining what mobility he could, Dunn was discharged from the hospital in October 1977. Exactly two (2) years after the shooting, Dunn brought suit against Highbaugh and the City of Indianapolis (city). On September 7, 1982, a hearing was held, at Dunn's behest, to determine whether Dunn had complied with the notice requirement of the Tort Claims Act. The court purported to grant summary judgment for the city on the notice issue. Subsequently, the court amended its findings and conclusions on the hearing to show that they were the result of an evidentiary hearing and not a summary judgment. From this decision, Dunn now appeals.

## ISSUES

Dunn raises three issues on appeal. Combined and rephrased, they are as follows:

1. Did the trial court err in holding an evidentiary hearing on the notice issue and in thereafter amending its findings and conclusions?

2. Did the trial court err in determining that Dunn's claim was barred for failure to comply with the notice requirement of the Tort Claims Act?

## DISCUSSION AND DECISION

*Issue One*

██ The trial court correctly amended its findings and conclusions to comport with the actual nature of the proceedings.

Appellant argues that the hearing of September 7, 1982, was a hearing on the city's motion for summary judgment and not an evidentiary hearing. Accordingly, Dunn maintains that the court weighed evidence and, thereby, incorrectly granted summary judgment for the defendants. Appellees contend that everyone knew the hearing was to be an evidentiary hearing on the notice requirement of the Tort Claims Act. They contend that the court, therefore, properly weighed evidence as the finder of fact and then mistakenly designated its judgment for defendants as a grant of summary judgment. We are constrained to agree with the city.

After the court had set a trial date, Dunn filed his denominated Motion for Hearing in Lieu of Trial Setting to resolve the question of compliance with the notice provision of the Tort Claims Act. The court removed the cause from the trial calender and ordered the parties to "stipulate all facts necessary for hearing on [the] Tort Claims notice and [to] be ready to present any other facts at the hearing . . . ." Record at 183. By its entry of June 30, 1982, the court ordered the parties to "prepare [the] factual issue." Record at 193. At the hearing itself, just prior to the swearing of witnesses, the following colloquy took place:

"Mr. Due: Just for purposes of clarity your honor, it was defendant's, City's, understanding that we were here to try the notice issue in this case which. . . .

"The Court: That is my understanding.

"Mr. Due: Rather than determine a motion for summary judgment.

"The Court: This comes up that way though.[1] Ok? Yes, you are here to present facts.

"Mr. Due: Well, it is my understanding that we are here to have the court make a determination, not to determine wheth-er or not there is a genuine issue of fact, but, to actually determine those facts.

"The Court: Ok. That is my understanding of where we are."

Record at 338. Dunn's counsel was present at this exchange but said nothing to indicate that he thought other than that the hearing was an evidentiary hearing to determine the factual issues. Dunn thereafter tendered findings of fact and conclusions of law. The court's order of September 15, 1982, then states, in part, that "[t]he Court having had under advisement the Motion for Summary Judgment by the City of Indianapolis now finds that there is no genuine issue of a material fact on the question raised by the Motion for Summary Judgment. . . ." Record at 276. On December 28, 1982, the court made the following entry:

"The Court having considered the Court's Findings of Fact and Conclusions of Law entered 9–15–82, the evidence in the hearing of 9–7–82, plaintiff's Motion to Correct Errors filed 12–13–82 and the City of Indianapolis' Statement in the Opposition to Motion to Correct Errors and Memorandum in Support of the City of Indianapolis' Statement in Opposition to Motion to Correct Errors hereby finds that the Findings and Conclusions of Law and Judgment entered 9–15–82 should be amended to reflect that they were the result of an evidentiary hearing pursuant to which the Court weighed all material evidence and found in favor of the defendant City of Indianapolis on the issue of compliance with the notice requirement of the Tort Claims Act as is reflected by the Findings of Fact. . . ."

Record at 312.

From the course of the proceedings herein set out, we cannot but reach the conclusion that the trial court inadvertently denominated the evidentiary hearing a summary judgment in its entry of September 15. The record clearly indicates that both the parties and the court considered the hearing an evidentiary hearing to resolve

1.  Defendants had pending a motion for summa-   ry judgment.

the notice issue. The facts were disputed by the parties and weighed by the court. The court then later corrected its findings to reflect the true nature of the disposition. Dunn cannot now allege that the court improperly weighed evidence. There was no error in amending the findings.

*Issue Two*

The trial court did not err in determining that Dunn's claim was barred for failure to comply with the notice requirement.

Dunn argues that the court erred in finding that the city had not waived compliance with the notice provision and in failing to find that Dunn was incompetent so as to prolong the period within which he could file the notice. We cannot agree.

■ The Tort Claims Act requires that notice be served upon the appropriate governmental body within 180 days of the injury or loss for which relief is sought. Ind. Code §§ 34–4–16.5–6, –7 (1983). It is undisputed that the only written notice given the City of Indianapolis was 490 days after the shooting. This is clearly not within the required period. Appellant argues, however, that the city waived and/or is estopped from asserting the notice requirement by its investigation of the shooting. This argument was decided adversely to Dunn in *Geyer v. City of Logansport,* (1977) 267 Ind. 334, 370 N.E.2d 333. There, in a similar challenge to a predecessor statute, our supreme court noted:

> "The purpose of the notice statute is to inform city officials with reasonable certainty of the accident and surrounding circumstances so that the city may investigate, determine its possible liability and prepare a defense to the claim. The statute additionally places an affirmative duty upon the plaintiff to deliver a writing to the city manifesting the nature of the claim. To hold otherwise would be to disregard the clear intent and, indeed, express language of the statute. [Citation omitted.]"

*Id.* at 338, 370 N.E.2d at 336. In light of this express declaration of the requirement of timely written notice, we find Dunn's argument to be unavailing.

■ Dunn also argues that he was incompetent, so as to toll the running of the notice requirement until the removal of his incompetency. *See* Ind.Code § 34–4–16.5–8 (1983). Dunn points to his father's affidavit[2] and the testimony of Dr. Charles White as raising genuine issues of material fact as to Dunn's incompetency. However, we have already determined that the court did not grant summary judgment. Even absent Dunn's misapprehension, the record does not bear out his contention.

Doctor White was the only medical expert to testify at the hearing. His deposition testimony indicated that Dunn was depressed and did not cope well following the shooting. However, he also testified that Dunn could deal with his business affairs, including part-time employment, by October 1977. Doctor White further testified that Dunn had a realistic concept of his abilities, could make decisions and execute consent forms for various types of medical treatment. This is corroborated by other evidence, including letters written by Dunn to the Police Pension Board in December 1977 requesting a full disability pension.

While some of the evidence Dunn points to gives rise to an inference that he could not manage his affairs, other evidence indicates that he was quite competent. Because Dunn had the burden of proof on the issue of competency, he is, in effect, appealing from a negative judgment.

> "On appeal from a negative judgment, this court will reverse the decision of the trial court only where the judgment is contrary to law, and the evidence is without conflict and leads unerringly to one conclusion and the trial court reached the opposite conclusion. In determining whether a negative judgment is contrary to law, we will neither weigh the evidence nor judge the credibility of witnesses. Rather, we consider only the evidence favorable to the prevailing party, together with all reasonable inferences

2. The affidavit merely states that Dunn was incapable of managing his own affairs.

deducible therefrom. [Citations omitted.]"

*Young v. VanZandt,* (1983) Ind.App., 449 N.E.2d 300, 306. It is clear that, in the instant case, the evidence regarding Dunn's incompetency was conflicting. Where the evidence is conflicting, we cannot say that the decision is contrary to law. The trial court did not err in failing to find that Dunn was incompetent so as to toll the running of the statute.

Finding no error, we affirm the judgment of the trial court *in toto.*

Affirmed.

ROBERTSON, P.J., and NEAL, J., concur.