**Gregory LETT, Plaintiff–Appellant,**

**v.**

**STATE of Indiana, the Indiana Department of Highways, John P. Isenbarger, Director of Indiana Department of Highways, Defendants–Appellees,**

**and**

**Tibor Kelemen, Defendant.**

**No. 24A01–8704–CV–95.**

Court of Appeals of Indiana,
First District.

March 1, 1988.

Rehearing Denied April 18, 1988.

Michael L. Tucker, Brannon & Hall Law Offices, Dayton, Ohio, David W. Dennis, Dennis, Reinke & Vertesch, Richmond, for plaintiff-appellant.

Linley E. Pearson, Atty. Gen., Kenneth M. Wahnsiedler, Deputy Atty. Gen., Indianapolis, for defendants-appellees.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Gregory Lett appeals from the Franklin Circuit Court's dismissal of his claim against the State of Indiana and its agents for failure to provide timely notice under the Indiana Tort Claims Act (hereinafter ITCA), Indiana Code sections 34–4–16.5–1 et seq. We affirm.

### FACTS

On September 17, 1983, Gregory Lett was involved in an accident on U.S. Route 52 in Franklin County, Indiana, while riding in a 1967 Plymouth Barracuda driven by defendant, Tibor Kelemen. Lett sustained extensive and severe injuries in the acci-

dent and was transported via "Lifeline" helicopter to Methodist Hospital in Indianapolis. Specifically, Lett suffered from multiple lacerations and fractures, including, fractures of the right ankle, left femur, and left arm, and a burst fracture of one of his lumbar vertebrae. The vertebrae fracture caused Lett's paraplegia. Initially, Lett underwent surgery to stabilize his condition. Thereafter, Lett underwent eight (8) additional surgeries while at Methodist. In addition to the surgeries, Lett was treated for a number of other medical complications, which included: acute renal failure, a psoas abscess, a neurogenic bladder, chronic fecal impaction, decubitis ulcers, and necrosis of the buttocks and low back. Due to the acute renal failure, Lett, in all probability, was disoriented and confused during the first four to five (4–5) weeks at Methodist. Lett also was depressed during this time period.

On January 31, 1984, Lett was transferred to St. Elizabeth Medical Center in Dayton, Ohio, Lett's home town. Initially, Lett was admitted to St. Elizabeth's rehabilitation unit. However, after nine (9) days Lett was transferred to the acute medical care unit for treatment of hypercalcemia. Lett returned to the rehabilitation unit on February 24, 1984. By August 1984, Lett almost was wheelchair independent. On August 31, 1984, Lett was released from St. Elizabeth in the care of his parents.

On December 11, 1984, Lett was rehospitalized due to an abscess on his buttock which caused an infection throughout his body. After treatment of the abscess and other complications, Lett was transferred to the rehabilitation unit on February 11, 1985. On February 28, 1985, Lett was placed back in the acute care unit and underwent surgery to remove several large kidney stones. On March 8, 1985, Lett was transferred back to the rehabilitation unit.

On March 13, 1985, Lett was released from St. Elizabeth and returned home. Thereafter, Lett obtained counsel in May of 1985. On June 4, 1985, Lett's attorney sent notice of Lett's claim to the Indiana Attorney General, the Director of the Indiana State Highway Commission, and the Director of the Indiana Flood Control and Water Resources Commission. The State denied Lett's claim, and on September 12, 1985, Lett filed suit against the State and Kelemen, which alleged that notice of claim was timely due to incompetency during the statutory period. On October 29, 1985, the State answered and raised the defense of failure to comply with the mandatory notice requirements of the ITCA, Ind.Code § 34–4–16.5–6. On August 7, 1986, the Franklin Circuit Court conducted an evidentiary hearing involving the competency of Lett under Ind.Code § 34–4–16.5–6. On January 13, 1987, the trial court determined that Lett failed to establish incompetence beyond August of 1984, and that notice was not provided within 180 days thereafter. Accordingly, the trial court issued an order dismissing his claims against the State. Lett appeals this determination and order.

## ISSUE

Whether the trial court erred by determining Lett's incompetency ended by August 31, 1984, and by holding that Lett failed to file a timely notice of claim under the ITCA, Ind.Code § 34–4–16.5–6.

## DISCUSSION AND DECISION

Lett argues that the trial court erred by determining that he failed to establish he was incompetent beyond August 1984, and by holding that he failed to provide timely notice to the State. The claimant carries the burden of proving compliance with the ITCA's notice provisions. Thus, Lett, as claimant, appeals from a negative judgment. This court will reverse a negative judgment only if the trial court's decision is contrary to law. A decision is contrary to law if the evidence is without conflict and leads to but one conclusion which is opposite to that reached by the trial court. *Dunn v. City of Indianapolis* (1983), Ind. App., 451 N.E.2d 1122, 1125; *Litzelswope v. Mitchell* (1983), Ind.App., 451 N.E.2d 366, 369.

Under the ITCA a notice of claim must be provided to the State and governmental entities within 180 days of the occurrence

of the loss. Ind.Code § 34–4–16.5–6. Failure to provide and establish compliance with this required notice provision is a complete defense and bar to suit. *Indiana Dept. of Pub. Welfare v. Clark* (1985), Ind. App., 478 N.E.2d 699, 701 *cert. denied* 476 U.S. 1170, 106. S.Ct. 2893, 90 L.Ed.2d 980. However, the 180 day notice period may be extended due to incompetency. *Dunn,* at 1125; *Scott County v. Stampler* (1981), Ind.App., 425 N.E.2d 264, 265, *trans. denied; Coghill v. Badger* (1981), Ind.App., 418 N.E.2d 1201, 1207. Indiana Code section 34–4–16.5–8 provides as follows:

> "Incompetents—Extension of time for filing notice of claim.—If a person is incompetent to give notice as required in section 6 [34–4–16.5–6] or 7 [34–4–16.5–7] of this chapter, his claim is barred unless notice is filed within one hundred eighty [180] days after the incompetency is removed."

Further, incompetent is defined within the Act in Ind.Code § 34–4–16.5–2(3), as follows:

> " 'Incompetent' means a person who is under the age of eighteen [18] years or is incapable by reason of insanity, mental illness, or other incapacity of either managing his property or caring for himself or both."

Thus, to extend the filing period, Lett had to establish that he was unable either to manage his affairs or take care of himself or both, and that he filed notice of a claim within 180 days after the incompetency was removed.

■ In the present case, the evidence does not lead unerringly and uncontradictorily to a conclusion that Lett filed within 180 days after his incompetency was removed. Although Lett presented evidence which arguably would support the proposition that he provided notice within 180 days after his inability to manage his business affairs or his inability to take care of himself was removed, the evidence is conflicting as to the actual date his incompetency was removed. Furthermore, the evidence supports the trial court's conclusion that Lett failed to establish incompetency within the meaning of the statute beyond August

of 1984. Therefore, the trial court's decision is not contrary to law.

■ The evidence presented to the trial court showed that by August of 1984 Lett was not incapable of managing his business affairs, or of taking care of himself. For example, the evidence revealed that by August of 1984 Lett was able to and did catheterize himself. Furthermore, while at St. Elizabeth and prior to August of 1984 Lett was given and discharged responsibilities relating to his basic care, treatment, and rehabilitation. The record reveals that Lett was able to perform bedside baths, comb his hair, and brush his teeth. In addition, Lett was able to use a phone. Record at 1024–27. Dr. Parker, Lett's physician at St. Elizabeth, testified that by August 31, 1984, Lett was almost "wheelchair independent". In defining "wheelchair independent" Dr. Parker testified that the terms mean that if someone with spinal cord injury "were given a wheelchair accessible place, they could live independently free of assistance of other individuals and be able to manage their physical self in a normal—not in a normal—in an acceptable and independent way." Record at 946–47, Dr. Parker's Deposition at 16 and 37. In addition to the evidence on Lett's inability *vel non* to care for himself, the evidence also failed to establish unquestionably that Lett was unable to manage his property after August of 1984. Although Lett was unable to go physically to the bank or social security office himself, the evidence reveals that he knowingly made decisions involving his property and was able to sign his social security checks which were deposited in his behalf by his mother. Contrary to Lett's suggestions a person is not incompetent under the ITCA merely because that person is depressed or injured and unable to perform all acts regarding his care and property independently and without help from others. Rather, incompetency under the ITCA refers to an incapacity that makes it unreasonable to subject the person to the duty to file a notice of claim. *City of Fort Wayne v. Cameron* (1977), 267 Ind. 329, 334, 370 N.E.2d 338, 341. Thus, the trial court could have found that Lett was not incompetent under Ind.Code § 34–4–16.5–8 after

August of 1984. Therefore, the trial court did not improperly dismiss Lett's suit, because he failed to file his notice within the 180 day period.[1]

■ Lett appears to argue also that the trial court allegedly erred by using an improper standard in determining whether the evidence established incompetency. Lett failed to raise this alleged error in his motion to correct errors. Accordingly this error is waived. *Carson v. Ross* (1987), Ind.App., 509 N.E.2d 239, 243; *Rogers v. Rogers* (1982), Ind.App., 437 N.E.2d 92, 95. Furthermore, the trial court applied the proper standard for determining competency by deciding in accordance to the ITCA's definition. The trial court referred to the ITCA's definition in ruling adversely to Lett. Furthermore, this court interprets Lett's argument on the standard of incompetency as a request to reweigh the evidence. This we cannot do. Since the trial court's decision was based upon the ITCA's definition of incompetency, and since the decision was not contrary to law, the trial court is affirmed.

Affirmed.

MILLER, P.J., and NEAL, J., concur.

---

1. We note, even if this court were to usurp the trial court's province and find that Lett was rendered incompetent during his second stay at St. Elizabeth, Lett's combined periods of compe-tency between August 31, 1984 and June 4, 1985, would be 185 days and his notice of claim still would be untimely.