STATE of Indiana, INDIANA DE-
PARTMENT OF HIGHWAYS,
Appellant–Defendant,

v.

Nancy B. HUGHES, Appellee–Plaintiff,

and

Michael B. Graves, Appellee–Defendant.

No. 88A01–9012–CV–490.

Court of Appeals of Indiana,
First District.

July 31, 1991.

Linley E. Pearson, Atty. Gen., William Eric Brodt, Deputy Atty. Gen., Indianapolis, for appellant-defendant.

BAKER, Judge.

The plaintiff-appellee Nancy Hughes received injuries in an auto accident on February 28, 1981. She subsequently brought suit against the driver of the vehicle and the State of Indiana through its highway department. The State moved to dismiss, alleging Hughes's notice under the Indiana Tort Claims Act (ITCA) was untimely under IND.CODE 34-4-16.5-6. The trial court denied the motion, and granted the State leave to bring this interlocutory appeal. The sole question is whether the trial court correctly found that Hughes was incompetent under IND.CODE 34-4-16.5-2(3) for purposes of determining the timeliness of her claim. We reverse.

## FACTS

On February 28, 1981, Hughes was injured when the car in which she was a passenger struck a bridge abutment. As a result, she suffered a badly broken left lower leg and ankle, as well as a superficial scalp laceration. Her scalp wound was treated in the emergency room and she was hospitalized for two months for the repair of her fractures and for physical therapy. During her stay in the hospital, she was required to keep the leg immobile and elevated when she was not moving, though by the time she was discharged, she was able to walk and negotiate stairs and ramps with crutches. She also paid several bills by check, communicated and responded to communication by mail and telephone, received visitors, discussed her accident and injuries, signed consent to treatment forms, and contemplated pursuing legal action. By mid-April, Hughes, using crutches, was able to go to and use a toilet without assistance, and to perform other personal hygiene tasks. Her physicians testified that, with the possible exceptions of the day of the accident and times surrounding surgical procedures, Hughes was coherent and mentally competent.

On April 30, 1981, Hughes was discharged from the hospital with a leg brace and using crutches. She returned to the hospital on June 1, 1981 for removal of the brace and application of a cast. These procedures took two days, and Hughes was discharged on June 3, 1981.

Hughes decided to sue and filed her notice of tort claim under IND.CODE 34-4-16.5-6 with the Attorney General's office on December 11, 1981, and with the State Highway Department on December 14, 1981, 286 and 289 days, respectively, after the accident.

After years of procedural wrangling, the trial court denied the State's motion to dismiss on October 22, 1990, finding Hughes was incompetent from the time of her accident until June 15, 1981.

## STANDARD OF REVIEW

Pursuant to the State's request, the trial court entered specific findings of

fact and conclusions of law in ruling on the State's motion to dismiss. Normally, special findings are unnecessary in rulings on motions to dismiss. Ind.Trial R. 52(A). When the motion is premised on failure to comply with the notice provisions of ITCA, however, specific findings, if requested prior to the admission of evidence, are appropriate because the question of compliance is a procedural precedent which the plaintiff must prove and which the trial court must determine prior to trial. *See City of Indianapolis v. Satz* (1978), 268 Ind. 581, 584, 377 N.E.2d 623, 625. Accordingly, when, as here, there is a an appropriate written request, we will review the specific findings and the judgment entered on those findings under T.R. 52 standards, i.e., only to determine if they are clearly erroneous.[1] We must first determine whether the evidence supports the findings and then determine whether the findings support the judgment. *Town of Merrillville Board of Zoning Appeals, et al. v. Public Storage, Inc.* (1991), Ind.App., 568 N.E.2d 1092. Moreover, our review of the present case is affected by the fact that Hughes has chosen not to file an appellee's brief in response to the State's appeal. Accordingly, the State is entitled to a reversal upon a *prima facie* showing of reversible error. *Downing v. Eubanks* (1990), Ind.App., 557 N.E.2d 1027.

## DISCUSSION AND DECISION

IND.CODE 34–4–16.5–6 requires a claim against the State to be filed with the Attorney General and the state agency involved within 180 days of the claimed loss. If a person is incompetent, the 180 day period does not begin until the incompetency is removed. IND.CODE 34–4–16.5–8. An incompetent person is one "who is under the age of eighteen [18] years or is incapable by reason of insanity, mental illness, or other incapacity of either managing his property or caring for himself or both." IND.CODE 34–4–16.5–2(3).

As we noted above, the plaintiff bears the burden of proving compliance with the notice provisions. *City of Indianapolis v. Satz, supra.* In a recent opinion authored by Chief Judge Ratliff, this court held a plaintiff who had been seriously injured in an auto accident failed to meet his burden of showing incompetency under IND. CODE 34–4–16.5–2(3). *Lett v. State* (1988), Ind.App., 519 N.E.2d 749. In *Lett,* the plaintiff was rendered a paraplegic after a car accident in September 1983. For the next 11 months, the plaintiff's incompetency was not disputed: he remained constantly hospitalized for the entire 11 month period, underwent repeated surgeries for the dangerous medical complications of his injuries, experienced confusion and disorientation caused by renal failure, and suffered from severe depression. By August 1984, however, the plaintiff's condition had stabilized, he was virtually independent in his wheelchair, and he was discharged from the hospital. He suffered two setbacks requiring readmission during the next six months, but neither of these affected his competency. Accordingly, his failure to file within 180 days of his attaining wheelchair independence and original discharge from the hospital barred his claim against the highway department.

> [A] person is not incompetent under the ITCA merely because that person is depressed or injured and unable to perform all acts regarding his care and property independently and without help from others. Rather, incompetency under the ITCA refers to an incapacity that makes it unreasonable to subject the person to the duty to file a notice of claim.

*Id.* at 751 (citation omitted).

In essence, the trial court's findings are exactly contrary to the holding in *Lett.* The finding that Hughes was incompetent simply because she had a badly broken leg and ankle, which required a two-month hospital stay, is not supported by the evidence. The evidence reveals Hughes was mentally alert at virtually all times from the day of the accident forward. She paid her bills,

---

1. For a discussion of the standards of review employed in appeals involving requested or *sua sponte* findings of fact and conclusions, *see Van-*

*derburgh County Bd. of Comm'rs v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663.

signed consent forms, received visitors, discussed the accident, and contemplated legal action—all within a few weeks of the accident. Moreover, while she was obviously physically impaired and could not independently perform all acts regarding her personal care and property, there simply was no evidence it was unreasonable for her to have to comply with ITCA's notice provisions.

Because the State has made a *prima facie* showing that the trial court's findings are unsupported by the evidence, the judgment flowing from those findings must be reversed.

Judgment reversed with instructions to grant the State's motion to dismiss.

RATLIFF, C.J., and SHIELDS, J., concur.