**Gwen POLICK, Appellant–Plaintiff,**

v.

**INDIANA DEPARTMENT OF HIGHWAYS, an Administrative Agency of the State of Indiana; the State of Indiana; and the Indiana Toll Road Commission, Appellees–Defendants.**

**No. 46A03–9409–CV–324.**

Court of Appeals of Indiana.

May 22, 1995.

Terrance L. Smith, Smith & DeBonis, East Chicago, for appellant.

David C. Jensen, Eichhorn, Eichhorn & Link, Hammond, for appellees.

## OPINION

HOFFMAN, Judge.

Appellant-plaintiff Gwen Polick appeals the trial court's judgment dismissing her claim against the Indiana Department of Highways, the State of Indiana, and the Indiana Toll Road Commission (collectively the State) due to her failure to file a notice of tort claim within the prescribed 180-day period. The facts relevant to the appeal are recited below.

On June 30, 1991, Polick sustained severe injuries when the car in which she was riding left the road and struck a bridge support. Polick suffered a broken neck which rendered her a quadriplegic. On July 3, 1991, Polick underwent fusion surgery to stabilize her spine. After the incident and continuing through the date the notice of tort claim was filed, Polick was unable to move any part of her body below her shoulders; she required total care and remained unable to provide for her physical needs. From the time of the incident through the date of the tort claim notice filing, Polick has been conscious, alert, and able to make independent decisions concerning her welfare and personal matters. On the day of the incident, a test administered to determine Polick's higher brain function, including level of consciousness, resulted in an assessment that she had no diminished functioning.

Polick, through counsel, filed her notice of tort claim with the State 181 days after the incident which resulted in her injuries. On May 7, 1992, Polick filed her complaint against the State alleging negligence in the design and maintenance of the roadway and bridge upon which the collision occurred. On February 18, 1994, the State filed its motion to dismiss based upon Polick's failure to comply with the notice requirements of the Indiana Tort Claims Act (ITCA). After a hearing, the trial court granted the motion to dismiss on June 1, 1994. This appeal ensued. Other facts pertinent to review will be disclosed within discussion of the issue.

■ On appeal, Polick contends that because she was incapacitated until July 1, 1991, her claim is not barred for failure to file a notice of tort claim within the prescribed 180-day period.

■ A plaintiff bears the burden of proving compliance with the notice provisions of ITCA. *State, Ind. Dept. of Highways v. Hughes* (1991), Ind.App., 575 N.E.2d 676, 678. It is undisputed that Polick's notices of tort claim were sent by certified mail on December 28, 1991, 181 days after the accident. IND.CODE § 34-4-16.5-6 through § 34-4-16.5-7 (1988 Ed.) require notice of a tort claim to the State Attorney General, the agency and political subdivision involved within 180 days of the claimed loss. "If a person is incapacitated and cannot give notice as required in section 6 or 7 of this capter, the person's claim is barred unless notice is filed within one hundred eighty (180) days after the incapacity is removed." IND.CODE § 34-4-16.5-8 (1989 Supp.). Polick contends that due to her condition immediately after the accident and until July 1, 1991 when she underwent the surgical procedure to fuse her spine, she was incapacitated. IND.CODE § 34-4-16.5-2(d) (1989 Supp.) provides that the definition for "incapacitated" shall be the "meaning set forth in IC 29-3-1-7.5." In pertinent part, the statute defines an incapacitated person as an individual who:

"(2) is unable:

(A) to manage in whole or in part the individual's property;

(B) to provide self-care; or

(C) both;

because of insanity, mental illness, mental deficiency, physical illness, infirmity, habitual drunkenness, excessive use of drugs, incarceration, confinement, detention, duress, fraud, undue influence of others on the individual, or other incapacity...."

IND.CODE § 29–3–1–7.5 (1989 Supp.). Polick alleges that her condition prevented her from providing self-care. However, the evidence demonstrates that Polick's condition remained virtually unchanged from the date of her injuries through the date the notices were filed. In sworn testimony from December 1992, Polick was asked, "Who conducts business for you if you have any to do?" She stated, "I basically do it all myself." When asked how long that had been the case, Polick replied, "Since the accident." Further, at the hearing on the motion to dismiss, Polick admitted that shortly after the accident, while she was in the hospital, her brother brought an attorney and requested a power of attorney which she refused.

The medical evidence, coupled with Polick's admissions that she was capable of making decisions on her own behalf, strongly suggest that Polick's inability to attend to all of her own physical care has not hampered her ability to provide self-care regarding decision-making and personal matters. In *Lett v. State* (1988), Ind.App., 519 N.E.2d 749, this Court stated:

> "[A] person is not incompetent under the ITCA merely because that person is depressed or injured and unable to perform all acts regarding his care and property independently and without help from others. Rather, incompetency under the ITCA refers to an incapacity that makes it unreasonable to subject the person to the duty to file a notice of claim." [Citation omitted.]

*Id.* at 751.

In *Hughes,* this Court acknowledged that the plaintiff had sustained severe injuries which required a two-month hospital stay; however, severe physical impairment of a plaintiff who is "mentally alert at virtually all times from the day of the accident forward" does not constitute the type of incapacity contemplated by the statute. *Hughes,* 575 N.E.2d at 678–679. Here, as noted by the trial court, the evidence within the record discloses that Polick suffered extensive, permanent physical injuries. However, by her own admissions and from the evidence presented through medical personnel who treated Polick through July 1, 1991, Polick was mentally alert and capable of managing her personal affairs.

Polick's contention that the severe nature of her injuries requiring surgery on July 1, 1991, should toll the statute for one day, ignores the obvious. The statutory period of 180 days amply provides for any short-term inability to adequately and independently perform acts necessary to manage personal affairs. Moreover, Polick was able to contact representatives to commence legal action prior to expiration of the 180–day period. The evidence supports the trial court's determination.

There being no finding of error, the trial court's determination is affirmed.

Affirmed.

STATON and BAKER, JJ., concur.