## Gwen POLICK, Appellant (Plaintiff below),

v.

INDIANA DEPARTMENT OF HIGHWAYS, an Administrative Agency of the State of Indiana; the State of Indiana; and the Indiana Toll Road Commission, Appellees (Defendants below).

No. 46S03–9510–CV–1214.

Supreme Court of Indiana.

Aug. 7, 1996.

Terrance L. Smith, Krista Smith MacLennan, Smith & DeBonis, East Chicago, for Appellant.

David C. Jensen, Jeffrey L. Freeman, Eichhorn, Eichhorn & Link, Hammond, for Appellees.

Jeffrey A. Cooke, Indiana Trial Lawyers Association, Lafayette, Amicus Curiae.

On Petition To Transfer

DICKSON, Justice.

The issue in this case is whether the trial court erred in dismissing the complaint of a severely injured plaintiff whose notice of claim pursuant to the Indiana Tort Claims Act ("the Act") was filed 181 days after the accident, contrary to the 180-day limit prescribed by the Act. *See* Ind.Code § 34-4-16.5-7. The Court of Appeals affirmed the dismissal. *Polick v. Indiana Dep't of Highways*, 650 N.E.2d 331 (Ind.Ct.App.1995). We granted transfer on October 19, 1995.

On June 30, 1991, Gwen Polick sustained massive injuries, rendering her a quadriplegic, when the automobile in which she was riding as a passenger was involved in a single-car accident. She suffered a trauma to the cervical spine. She was immediately hospitalized with a broken neck, difficulty breathing, and an absence of sensation below the shoulders. When admitted, she was found to be alert, to be oriented as to time and place, and to have no diminished higher brain function. She was placed in traction devices that prevented movement of her head and neck and was ventilated by a tube running down her throat. During her first two days in the hospital, she was classified as a "total-care patient" and was unable to speak or to push a button to summon a nurse. However, she was able to understand what was going on around her and was in full possession of her cognitive functions. She was confined to an intensive care unit until July 3, 1991, when she underwent fusion surgery to stabilize her spine. During the period of her intubation, which lasted until the afternoon of July 2, 1991, the plaintiff could communicate only by nodding her head or blinking her eyes. During the balance of her hospitalization, she was able to use her voice to communicate. At all times, the plaintiff appeared to be conscious, alert, able to understand fully what was going on around her, and able to make independent decisions concerning her welfare and personal matters.

Less than nine months after the accident, the plaintiff filed a complaint against the State, alleging negligence in the design and maintenance of the roadway and bridge upon which the collision occurred.

■ The Indiana Tort Claims Act provides that a claim against a political subdivision is barred unless a prescribed notice is filed within 180 days after the loss occurs. Ind. Code § 34-4-16.5-7. This requirement is subject to the following exception: "If a person is incapacitated and cannot give notice as required ... the person's claim is barred unless notice is filed within one hundred eighty (180) days after the incapacity is removed." Ind.Code § 34-4-16.5-8. The Tort Claims Act, Indiana Code Section 34-4-16.5-2(d), designates the definition of "incapacitated" to be that given in Indiana Code section 29-3-1-7.5, which provides in relevant part:

"Incapacitated person" means an individual who: ...

(2) Is unable:

(A) To manage in whole or in part the individual's property;

(B) To provide self-care; or

(C) Both;

because of insanity, mental illness, mental deficiency, physical illness, infirmity, habitual drunkenness, excessive use of drugs, incarceration, confinement, detention, duress, fraud, undue influence of others on the individual, or other incapacity ...

Ind.Code § 29-3-1-7.5.

The evidence and the trial court findings clearly establish that, at least for a period of three days, the plaintiff satisfied the plain and literal meaning of this definition of "incapacitated" because she was "unable ... to provide self-care ... because of ... physical illness [or] infirmity." Ind.Code § 29-3-1-

7.5. Among its findings of fact, the trial court expressly found:

> From June 30, 1991 through July 3, 1991, Ms. Polick remained confined to the intensive care unit at St. Anthony's Hospital, required total care and was unable to move any part of her body below her shoulders. Plaintiff was physically unable to provide any type of self-care ... because of the above-described physical condition.

Record at 170.

The defendants emphasize that the plaintiff was mentally capable, at all times, of managing her own affairs. However, the statutory exception tolling the notice filing deadline, Indiana Code section 34–4–16.5–8, is based not upon incompetence but rather upon incapacity, which under its statutory definition exists—regardless of the person's mental competence—when a person is unable to provide self-care because of physical illness or infirmity. *See* Ind.Code §§ 29–3–1–7.5, 34–4–16.5–8.

Notwithstanding the statutory definition of incapacity, the defendants argue that the physical ability to provide self-care should not be the sole criterion for tolling the notice provision. They urge judicial construction of the tolling statute, Indiana Code section 34–4–16.5–8, to require that the incapacity be causally linked to an inability to give notice. They argue that in *City of Fort Wayne v. Cameron*, 267 Ind. 329, 370 N.E.2d 338 (1977), this Court interpreted the notice requirement of a predecessor statute to the Act to require a plaintiff to show that non-compliance was the product of the incapacity. We do not find this to be the holding of *Cameron*.

In *Cameron*, which arose and was decided before the enactment of the Tort Claims Act, the plaintiff was found to have acquired a common-law right of action against the city for negligence but faced a statutory procedural requirement to file a notice of claim within sixty days following the injury. *Id.* at 334, 370 N.E.2d at 341. Noting the absence of any statutory provision for tolling this sixty-day deadline, this Court unanimously found the Indiana constitutional right to

remedy by due course of law[1] to entitle a plaintiff who is "mentally and physically incapacitated so that he could not give" the required notice to "a reasonable time after his disability [is] removed within which to file the notice to the city." *Cameron*, 267 Ind. at 334, 370 N.E.2d at 341. The opinion in *Cameron*, however, merely determines a minimum requirement under state constitutional law. It does not limit the legislature from allowing incapacitated persons a greater length of time within which to comply with the statutory notice requirement. *Cameron* is therefore not instructive for purposes of the statutory construction of the notice tolling provision in the present Tort Claims Act.

To support their argument that physical incapacity alone does not cause an inability to give notice and is thus insufficient to toll the statute, the defendants also cite *State v. Hughes*, 575 N.E.2d 676 (Ind.Ct.App.1991); *Lett v. State*, 519 N.E.2d 749 (Ind.Ct.App. 1988); and *Dunn v. City of Indianapolis*, 451 N.E.2d 1122 (Ind.Ct.App.1983). Each of these cases involved the application of the Tort Claims Act notice deadline tolling provision that was the predecessor to the provision at issue in the present case. Under this prior statute, if a person was "incompetent," the 180–day notice period did not begin until the incompetency was removed. Ind.Code § 34–4–16.5–8 (West 1986). An incompetent person was defined as one "who is under the age of eighteen years or is incapable by reason of insanity, mental illness, or other incapacity of either managing his property or caring for himself or both." Ind.Code § 34–4–16.5–2(3) (West 1986). We find none of these cases to be applicable, because in each, the evidence or the trial court's findings indicated that the date of the filing of notice fell substantially more than 180 days after the end of the plaintiff's incapacity to manage his or her property or to care for himself or herself.

In *Hughes*, the plaintiff suffered a badly broken left lower leg and ankle and a superficial scalp laceration. *Hughes*, 575 N.E.2d at 677. With the possible exceptions of the day of the accident and times surrounding surgical procedures, the plaintiff was coher-

---

1. Ind. Const. art. I, § 12.

ent and mentally competent at all times. *Id.* Her tort claim notice was first filed 106 days after the expiration of the 180–day deadline. While noting that the plaintiff was "obviously physically impaired and could not independently perform all acts regarding her personal care and property," *Hughes,* 575 N.E.2d at 679, the Court of Appeals held that the plaintiff was not incompetent and that it was not unreasonable to require her compliance with the notice provision. Unlike the present case, *Hughes* did not involve a plaintiff whom the trial court expressly found to be physically unable to provide any type of self-care for a period of time longer than the amount of time by which the plaintiff's tort claim notice missed the statutory deadline.

The plaintiff in *Lett* suffered massive injuries, including paraplegia, in a vehicle collision on September 17, 1983. *Lett,* 519 N.E.2d at 749–50. The trial court found that by August of 1984 he was "not incapable of managing his business affairs, or of taking care of himself." *Id.* at 751. His tort claim notice was given on June 4, 1985, 270 days after his incompetency was removed. *Id.* at 750. Finally, in *Dunn,* a trial court ruled that the plaintiff had failed to comply with the 180–day statutory notice requirement. *Dunn,* 451 N.E.2d at 1123. Severely injured by the accidental discharge of a police weapon in April 1977, the plaintiff testified that he could deal with his business affairs, including part-time employment, by October 1977, six months after the incident. Thereafter, approximately 300 more days passed before he gave notice to the defendant. The Court of Appeals affirmed the dismissal, noting that the plaintiff had failed to meet his appellate burden of demonstrating that the decision was clearly erroneous.

The statutory exception to the 180–day notice requirement is subject to two opposing interpretations. From its introductory phrase ("If a person is incapacitated and cannot give notice"), one can, as the defendants note, infer that a causative connection is required. In contrast, its closing declaration (that a "claim is barred unless notice is filed within [180] days after the incapacity is removed") clearly implies that periods of incapacity will postpone the deadline to afford

an incapacitated claimant 180 days of freedom from her incapacity within which to file the statutory notice. Ind.Code § 34–4–16.5–8.

To construe the statute to apply only when the incapacity actually prevents the giving of the notice would render virtually meaningless the express exception granting 180 days after the incapacity is removed, as the plaintiff would need to be incapacitated on the 180th day to be eligible for the tolling provision; a plaintiff whose disability ended on the 179th day of the period could be found to be capable of giving notice on the 180th day. On the other hand, defendants argue that, if the provision does not require a causal connection between incapacity and the failure to give notice, a person permanently physically disabled and unable to provide for self-care would never have to comply with the tort claim notice provision. We must therefore interpret and construe the tolling statute to resolve this apparent ambiguity.

One rule of statutory construction is determinative. A statute in derogation of the common law must be construed against limitations on a claimant's access to the courts. *Tittle v. Mahan,* 582 N.E.2d 796, 800 (Ind.1991); *Collier v. Prater,* 544 N.E.2d 497, 498 (Ind.1989). The notice provisions of the Tort Claims Act must be so construed. *South Bend Community Sch. Corp. v. Widawski,* 622 N.E.2d 160, 162 (Ind.1993).

We therefore hold that the Indiana Tort Claims Act notice tolling provision, Ind.Code § 34–4–16.5–8, does not impose a requirement that a person's incapacity be causally related to the failure to provide timely notice. Rather, a period of incapacity, as defined by the Act, will postpone the deadline to afford an incapacitated claimant 180 days after the removal of the incapacity within which to file the statutory notice. Because the plaintiff, for a period of at least three days, was "incapacitated" within the prescribed definition of that phrase, she was entitled to 180 days after the removal of the incapacity within which to give the statutorily required notice. Her notice was filed on the 178th day thereafter; thus, her claim is not barred.

We vacate the trial court's order granting the defendants' motion to dismiss. This

cause is remanded to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.