MAY, Judge,
dissenting.
“The issue of unsoundness of mind is ordinarily a question for the trier of fact.” Collins v. Dunifon, 163 Ind.App. 201, 208, 323 N.E.2d 264, 269 (1975). I believe the affidavits from Kristina and Gaultney were sufficient to create such a question of fact for the jury. As that makes summary judgment inappropriate, I must respectfully dissent.
Summary judgment is “not a summary trial.” Hughley v. State, 15 N.E.3d 1000, 1004 (Ind.2014). Nor is it “appropriate merely because the non-movant appears unlikely to prevail at trial.” Id. “In essence, Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims.” Id. Our job as the appellate court is to “carefully assess the trial court’s decision to ensure that [a nonmovant] was not improperly denied his day in court.” Id. at 1003.
Thus, we must carefully review a summary judgment de novo and decide whether there are any genuine issues of material fact. Id. Factual issues are ‘genuine’ if “a trier of fact is required to resolve the parties’ differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences.” Id. (quoting Williams v. Tharp, 914 N.E.2d 756, 761 (Ind.2009)). As we determine whether the record contains conflicting facts and inferences, we must view all facts and inferences from the designated evidence in a light favorable to the non-moving party. OveHon v. Grillo, 896 N.E.2d 499, 502 (Ind.2008), reh’g denied..
The majority holds the affidavits of Kristina and Gaultney were inadmissible under Evidence Rule 701 because “the affidavits give general opinions without designating objective bases for the opinion.” (Op. at 273.) I disagree with that characterization of the affidavits and believe the affidavits were admissible.
As for whether there were objective bases for the opinions, Kristina’s affidavit explains: “He was disoriented, when he would wake up you would try to talk to him and he would have to think a long time about what he was saying before he said it.” (Appellant’s App. at 108.) She also indicated “he was not- all there, he would change the subject in the middle of what you were talking about and forget what you were talking about and just quit talking.” (Id. at 109.) Those were “specific details,” (Op. at 272-73), to explain how she reached at least two of her “general opinions.” (Id. at 272.)
The affidavits also included factual assertions about Whitlock’s physical and mental limitations following his injury. (See id. at 272-73 (listing concerns discussed in affidavits).) After listing those factual assertions, the majority holds they “do not create a genuine issue of material fact” about his mental competence. (See id.) Those facts alone may not create a genuine issue of material fact about Whit-lock’s mental competence, but I would characterize that evidence about his physical and mental limitations as relevant to the opinions given about his mental competence. See, e.g., Chapman v. Burks, 183 Ga.App. 103, 106, 357 S.E.2d 832, 836 (1987) (“we do not discount the effect which physical disability may have on mental capacity”), reh’g denied. For these reasons, I believe the affidavits were admissible under Evidence Rule 701. See, e.g., Lesh v. Chandler, 944 N.E.2d 942, 949 n. 5 (Ind.Ct.App.2011) (declining to expect witnesses under Evid. R. 701 to have the kind of knowledge of standards that would be expected of witnesses presented as experts).
*275 Because I believe the affidavits were admissible, I would hold the evidence therein sufficient to prevent summary judgment as to Whitlock’s mental incompetence. If injuries to a person’s head and face cause him, for a two-week period, to be awake only when necessary to go to the bathroom and to be too dizzy to walk alone to that bathroom,[7] I believe there is a genuine issue whether such person could be capable of “managing or procuring the management of his or her ordinary affairs,” Duwe v. Rodgers, 438 N.E.2d 759, 761 (Ind.Ct.App.1982), reh’g denied, or capable of “understanding the rights that he would otherwise be bound to know, or of managing his affairs, with respect to the institution and maintenance of a claim for relief.” Collins, 323 N.E.2d at 269.
Thus, I would reverse the summary judgment. See Chapman, 357 S.E.2d at 836-37 (plaintiffs affidavit that she was “delirious and unaware” for a few days at home, which made her “unable to communicate intelligently,” and during that time, she had hallucinations, “severe pain, and little understanding of what was happening,” created genuine issue of fact as to her mental competency to withstand summary judgment on statute of limitations ground). See also Capan v. Daugherty, 402 N.W.2d 561, 563-64 (Minn.App.1987) (assertion that someone “is not dealing with a full deck and needs help” creates inference of mental incompetence).
For all these reasons, I must respectfully dissent.

. The majority notes we have held “injuries more severe than those sustained by Whitlock ... did not render the plaintiff incompetent.” (Op. at 270.) However, Whitlock’s circumstances as described in the affidavits by Kristina and Gaultney were nothing like the circumstances faced by the plaintiff, Nancy Hughes, in the case cited by the majority. Indiana Dept, of Highways v. Hughes, 575 N.E.2d 676 (Ind.Ct.App.1991), trans. denied. Although Hughes had a "badly broken left lower leg and ankle” that required her to stay in the hospital for two months of treatment, id. at 678-79, she was also "mentally alert at virtually all times from the day of the accident forward.” Id. at 678. Hughes is also distinguishable because Hughes’ claim was filed against a state agency and therefore subject to the requirements of the Indiana Tort Claims Act. Id. at 677. Under the Tort Claims Act, compliance with the notice provisions "is a procedural precedent which the plaintiff must prove and which the trial court must determine prior to trial.” Id. at 678 (emphases added). In contrast, Whitlock had a burden only to "show a material fact that precludes summary judgment.” Hayes v. Westminster Village North, Inc. 953 N.E.2d 114, 116 (Ind.Ct.App.2011), trans. denied.