**Richard Lee ALEXANDER, Plaintiff,**

v.

**CITY OF SOUTH BEND,
et al., Defendants.**

**No. 3:02–CV–0397 CAN.**

United States District Court,
N.D. Indiana,
South Bend Division.

April 4, 2003.

Roseann P Ivanovich, Merrillville, IN, for Richard Lee Alexander, plaintiff.

John E Broden, City Attorney Office, South Bend, IN, for South Bend City of, South Bend Police Department, Darryl Gunn, Cpt, individually and as Chief of the South Bend Police Department, Wayne Boocher, individually and as a police officer for the City of South Bend, Michael Chritchlow, individually and as a police officer for the city of South Bend, Cindy Eastman, individually and as a police officer of the City of South Bend, Eugene Eyster, individually and as a police officer for the City of South Bend, Toni Graham, individually and as a police officer for the City of South Bend, Larry Hostetler, individually and as a police officer for the City of South Bend, Donald Miller, individually

and as a police officer for the City of South Bend, Doug Radican, individually and as a police officer for the City of South Bend, Anne M Schellinger, individually and as a police officer for the City of South Bend, Frank Scheu, individually and as a police officer for the City of South Bend, Phil Trent, individually and as a police officer for the City of South Bend, Bonnie Werntz, individually and as a police officer for the City of South Bend, John Doe, individually and as a police officer for the City of South Bend, Richard Roe, individually and as a police officer for the City of South Bend, defendants.

## MEMORANDUM AND ORDER

NUECHTERLEIN, United States Magistrate Judge.

This case arises out of the wrongful 1997 conviction of Plaintiff Richard Lee Alexander for several assaults and rapes in the River Park area of South Bend. After Plaintiff's conviction was vacated in 2001, Plaintiff brought suit against Defendants, twelve current and former South Bend police officers, the former chief of the South Bend Police Department, the South Bend Police Department, and the City of South Bend. Defendants filed a Motion to Dismiss [Doc. No. 28] on July 30, 2002. For the following reasons, Defendants' motion is **GRANTED IN PART**, and **DENIED IN PART**.

### I RELEVANT FACTUAL BACKGROUND

This case centers around the wrongful conviction of Plaintiff for several rapes and assaults in the River Park area of South Bend. Plaintiff's first trial, held in 1997, resulted in a hung jury. He was convicted at a second trial and sentenced to seventy years in prison the following year. Plaintiff's complaint goes into elaborate detail as to Defendants' investigation of the case, their eventual winnowing down possible suspects to Plaintiff, and Plaintiff's eventual conviction and release. In December 2001, St. Joseph County officials moved to vacate Plaintiff's conviction due to newly available DNA evidence linking another perpetrator to the crimes.

### II PROCEDURAL BACKGROUND

Following Plaintiff's release, Plaintiff filed suit on June 4, 2002 against Defendants, twelve current and former South Bend police officers, Darryl Guinn, the former chief of the South Bend Police Department, the South Bend Police Department, and the City of South Bend.[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) on July 12, 2002 [Doc. No. 26], and Defendants' motion to dismiss [Doc. No. 28] was filed on July 30, 2002.

Following Defendants' filing, Plaintiff filed an amended complaint on October 15, 2002 [Doc. No. 39], adding language consistent with *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and claiming liability on behalf of Darryl Guinn, the City of South Bend, and the South Bend Police Department.[2] Plaintiff's current

---

1. Individual officers were named in their individual and official capacities. The individual officers are as follows: Wayne Boocher, Michael Chritchlow, Cindy Eastman, Eugene Eyster, Toni Graham, Larry Hostetler, Donald Miller, Doug Radican, Anne M Schellinder, Frank Scheu, Phil Trent, Bonnie Werntz, John Doe, and Richard Roe. Defendants John Doe and Richard Roe represent unnamed Defendants.

2. Darryl Guinn, the City of South Bend, and the South Bend Police Department were named defendants in Plaintiff's original complaint. The amended complaint simply added the "policy or practice" language required by *Monell* to establish municipal liability under § 1983.

complaint, brought under 42 U.S.C. § 1983 and Indiana law, contains ten counts against Defendants. Plaintiff captioned each count as follows:

| Count | Caption |
|---|---|
| I | "Federal Civil Rights Claim 42 U.S.C. §§ 1983 and 1988 and Indiana Const. Art. I § 12 (Victim and Witness Interviews, Use of Perjured Testimony)" |
| II | "Federal Civil Rights Claim and Indiana Const. Art. I § 11, (Detaining Alexander)" |
| III | "Federal Civil Rights Claim and Indiana Const. Art. I § 11, (Search and Seizure)" |
| IV | "Federal Civil Rights Claim and Indiana Const. Art. I §§ 12, 13 (Suggestive Lineup)" |
| V | "Federal Civil Rights Claim (Destroying Evidence)" |
| VI | "Federal Civil Rights Claim and State of Indiana Claim (Malicious Prosecution)" |
| VII | "Federal Civil Rights Claim (Failure to Train and Supervise)" |
| VIII | "Federal Civil Rights Claim, 42 U.S.C. §§ 1985 and 1986 (Conspiracy against Alexander as an African-American)" |
| IX | "False Arrest and False Imprisonment" |
| X | "Intentional Infliction of Emotional Distress" |

Oral arguments were heard on Defendants' motion on March 28, 2003. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367.

## III LEGAL STANDARDS

### A *Fed.R.Civ.P. 12(b)(6)*

Defendants' motion to dismiss was brought under Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, not its factual basis. *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1059 (7th Cir.1999) ("assessing factual support for a suit is not the office of Rule 12(b)(6)"). This Court must accept all factual allegations in Plaintiff's complaint as true and draw all reasonable inferences from those facts in Plaintiff's favor. *Slaney v. International Amateur Athletic Fed.*, 244 F.3d 580, 597 (7th Cir. 2001). This Court should dismiss Plaintiff's complaint only if it appears beyond doubt that Plaintiff can prove no set of facts entitling him to relief. *Conley v.*

*Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Mattice v. Memorial Hospital*, 249 F.3d 682, 684 (7th Cir.2001). "If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Chavez v. Illinois State Police*, 251 F.3d 612, 648 (7th Cir.2001) (quoting *Veazey v. Communications & Cable of Chicago*, 194 F.3d 850, 854 (7th Cir.1999)).

### B *Fed.R.Civ.P. 12(c)*

This Court originally scheduled oral arguments on this matter on December 9, 2002. In its December order, this Court notified the parties that it would possibly consider matters outside the pleadings, transforming Defendants' motion into a motion for summary judgment under Fed. R.Civ.P. 12(c). When matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed.R.Civ.P. 12(c). Preceding such disposition, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. *Id.* Failure to notify the parties of their opportunity to produce material relevant to a Rule 56 motion does not require reversal if there is nothing that the nonmoving party could produce that would create a genuine issue of fact for trial. *Green v. Benden*, 281 F.3d 661, 665 (7th Cir.2002).

Plaintiff supplied a copy of the notice given to the Indiana Attorney General's office in his response to Defendant's motion to dismiss concerning all pendant state claims. This Court considered this document in its disposition of Defendants' motion. No other extraneous documents were considered in this Court's decision.

### C *42 U.S.C. § 1983*

The majority of Plaintiff's claims are brought under 42 U.S.C. § 1983. To state a claim for relief in a § 1983 action, Plaintiff must establish that Defendants acted under color of state law and deprived him of a right, privilege, or immunity secured by the Constitution or federal law. 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999).

## IV PRELIMINARY MATTERS

### A *Nature of Plaintiff's Complaint*

Plaintiff's complaint, both in its original and amended form, is tedious in detail and in its use of repetitive boilerplate allegations, far exceeding the notice pleading standard laid out in Fed.R.Civ.P. 8. The redundancy of factual and conclusory statements within Plaintiff's complaint has forced this Court, and most likely defense counsel, to wade through the fifty-four page document simply to decipher the nature of Plaintiff's claims.

■■■■ Rule 8 requires a complaint to be presented with "intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and [,] if so [,] what it is." *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775 (7th Cir.1994). Wordy, redundant, and seemingly interminable complaints violate the letter and the spirit of Rule 8 and may be dismissed with leave to refile. *Id.* at 776. This Court has the inherent authority to strike Plaintiff's complaint and order Plaintiff counsel to refile a properly drafted document. Rather than delay this matter any further, this Court chose to hear arguments on Defendants' motion on March 28, 2003. Regardless, Plaintiff counsel is cautioned to draft future filings with this Court in a clear and concise manner.

### B *Plaintiff's Concessions to Dismissal*

At the March 28, 2003 hearing, Plaintiff conceded that his claims concerning perjured testimony (Count I), the use of excessive force (various counts), false arrest (Counts II and IX), and the intentional infliction of emotional distress (Count X) should be dismissed because they are barred under the applicable statutes of limitations and other grounds.[3] Because Plaintiff voluntarily withdrew these claims from his complaint, Defendants' motion to dismiss is therefore GRANTED as it pertains to these claims.

## V DEFENDANTS' MOTION TO DISMISS

Defendants' set forth many reasons to dismiss Plaintiff's complaint. Of those aspects of Plaintiff's complaint which should be dismissed, Defendants rely on three

---

**3.** Plaintiff's concessions were correct in light of applicable caselaw. *See Curtis v. Bembenek,* 48 F.3d 281, 285–87 (7th Cir.1995) (holding that a claim alleging that police officers gave perjurious testimony during several preliminary and pretrial hearings was not justiciable under the pertinent statute of limitations); *Id.* at 283; *Briscoe v. LaHue,* 460 U.S. 325, 334, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (holding that witnesses at trials are absolutely immune from suits under § 1983 for providing false testimony); *Robinson v. Doe,* 272 F.3d 921, 923–24 (7th Cir.2001) (denying a claim for excessive force as untimely under an applicable statute of limita-

tions); *Simpson v. Rowan* 73 F.3d 134, 136 (7th Cir.1995) (denying a claim for false arrest as untimely under an applicable statute of limitations); *Severson v. Board of Trustees of Purdue University,* 777 N.E.2d 1181, 1202 (Ind.Ct.App.2002); *City of Anderson v. Weatherford,* 714 N.E.2d 181, 185–86 (Ind.Ct.App. 1999) (holding that police are immune from claims for intentional infliction of emotional distress under the Indiana Tort Claims Act); *See also infra* Section V.A.1 (discussing the application of statutes of limitation to the Federal issues in this case); Section V.A.2 (discussing the application of the Indiana Tort Claims Act to this case).

arguments: (1) statutes of limitation under Federal and Indiana law, (2) absolute immunity, and (3) failure to state a claim upon which relief can be granted.

### A *Claims Dismissed Pursuant to Statutes of Limitation*

#### 1 *Counts Brought Under Federal Law*

 To determine the proper statute of limitations for § 1983 actions, federal courts must adopt their forum states' statute of limitations for personal injury claims. *Mitchell v. Donchin*, 286 F.3d 447, 450 n. 1 (7th Cir.2002). Accordingly, this Court must apply Indiana's statute of limitations. The Indiana statute of limitations for personal injuries requires suits to be filed within two years of the accrual of a cause of action. Ind.Code 34–11–2–4. Unlike a claim's limitation period, the time at which a § 1983 action accrues is governed by federal common law. *Heard v. Sheahan*, 253 F.3d 316, 317 –318 (7th Cir. 2001). A § 1983 claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the plaintiff's action. *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir.1994).

 Regarding prisoners, the doctrine expressed in *Heck v. Humphrey* states that civil actions for unconstitutional convictions or sentences brought under § 1983 do not accrue until the prisoner's conviction or sentence has been invalidated. *Heck v. Humphrey* 512 U.S. 477, 489–490, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Therefore, it is necessary to differentiate between Plaintiff's claims in determining which are time-barred and which remain viable under the *Heck* doctrine.

Specifically, *Heck* held that

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [a]

§ 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–487, 114 S.Ct. 2364. Regarding the statute of limitations issue pertinent to this case, the Court in *Heck* held that a cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated similar to a cause of action for malicious prosecution not accruing until criminal proceedings have terminated in the plaintiff's favor. *Id.* at 489–490, 114 S.Ct. 2364. Many of Plaintiff's claims accrued prior to his 1997 conviction and are not protected by the *Heck* doctrine.

##### a) *Claims Not Protected by Heck*

##### 1) *Conceded Claims*

As stated in Section IV.B, Plaintiff conceded that his claims concerning perjured testimony, excessive force, and false arrest are not protected under *Heck* and should be dismissed as untimely.

##### 2) *False Arrest, Detention, and False Imprisonment* [Counts II, and IX]

Although Plaintiff conceded that any claim he had for false arrest is barred as untimely, Plaintiff's complaint raises allegations of unlawful detention (Count II) and false imprisonment (Count IX). Read loosely, Plaintiff's complaint alleges that Plaintiff became a suspect for the River Park assaults and was investigated, arrested, and detained without probable cause.

Count IX, and some wording in Count II, accuses Defendants of false imprisonment and false arrest. Reading Plaintiff's complaint, it is unclear ·whether Plaintiff counsel sought to make a distinction be-

tween false arrest and imprisonment. Any difference, however, is of relatively little import. *See* 32 Am.Jur.2d *False Imprisonment* § 3 (1995) (explaining the subtle differences between the two torts).[4]

■ In *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* the Seventh Circuit held that § 1983 claims for damages resulting from a false arrest are not tolled by *Heck* and accrue immediately after the arrest, because such alleged violations of the Fourth Amendment do not necessarily impugn the validity of a conviction. *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 897 (7th Cir.2001). The court further stated that "this principle categorically [applies] to all § 1983 claims for false arrest." *Id.; See also Simpson v. Rowan* 73 F.3d 134, 136 (7th Cir.1995) ("claims relating to an illegal search and an improper arrest are not barred by *Heck* "). Because Plaintiff's claims for false arrest, detention, and imprisonment under Counts II and IX are untimely, Defendant's motion as it pertains to them is **GRANTED**.

### 3) *Search and Seizure* [Count III]

■ Count III of Plaintiff's complaint alleges that Defendant officers seized Plaintiff on August 29, 1996 and took specimens of Plaintiff's bodily fluids without probable cause. The Seventh Circuit has held that a claim asserting a violation of the Fourth Amendment based on an unlawful search or arrest accrues at the time of the unlawful search or seizure and is not tolled by *Heck. Gonzalez v. Entress* 133 F.3d 551, 553 (7th Cir.1998). Hence, Defendant's motion as it pertains to Plaintiff's claim concerning Defendant officers' alleged illegal searches and seizure of Plaintiff's bodily fluids is **GRANTED**.

■ Count III also contains allegations that the search was conducted pursuant to a fraudulent warrant. This accusation is also untimely under *Heck. See Copus v. City of Edgerton,* 151 F.3d 646, 648 (7th Cir.1998); *Homola v. McNamara,* 59 F.3d 647, 651 (7th Cir.1995).[5] Therefore, Defendant's motion as it pertains to Plaintiff's allegations that Defendant officers conducted searches pursuant to an invalid warrant is **GRANTED**.

### b) *Plaintiff's Allegations Concerning Defendants' Federal Statute of Limitations Claims*

Plaintiff only touches on the *Heck* doctrine briefly in his response, and makes no argument against Defendants' claims. Despite Plaintiff's failure to directly address Defendants' argument, Plaintiff asserts two arguments in an effort to avert dismissal of his claims as untimely. First,

---

4. "Some courts have described false arrest and false imprisonment as causes of action which are distinguishable only in terminology. The two have been called virtually indistinguishable, and identical. However, the difference between them lies in the manner in which they arise. In order to commit false imprisonment, it is not necessary either to intend to make an arrest or actually to make an arrest. By contrast, a person who is falsely arrested is at the same time falsely imprisoned." 32 Am.Jur.2d *False Imprisonment* § 3 (1995).

5. The fact that Plaintiff's fraudulent warrant claim is barred as untimely should not stand for the fact all warrants fall outside of the scope of *Heck.* For instance, claims for unlawful arrests, as opposed to searches, made pursuant to a warrant are akin to malicious prosecution claims under the common law, and are tolled until a plaintiff's underlying conviction is set aside. *Snodderly,* 239 F.3d at 900; *see also Heck,* 512 U.S. at 487 n. 7, 114 S.Ct. 2364 ("a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction").

Plaintiff argues that the statute of limitations under § 1983, as refined by *Heck* and its progeny, violates the Indiana constitution. Second, and presumably in the alternative, Plaintiff argues that the Indiana statute of limitations should be tolled due to either Defendants' alleged fraudulent concealment of information concerning similar crimes in the South Bend area or Plaintiff's alleged incapacitation.

### 1) *Plaintiff's Indiana Constitutional Argument*

Citing two Indiana cases, Plaintiff argues that the statute of limitations under § 1983 violates the Indiana constitution as applied to him. As previously stated, federal courts applying § 1983 adopt their forum state's statute of limitations for personal injury claims. *Mitchell*, 286 F.3d at 450 n. 1. Thus, in this court, there is a two-year statute of limitations for § 1983 claims. Ind.Code 34–11–2–4.

Plaintiff first cites *Martin v. Richey*, a 1999 medical malpractice case holding that the Indiana medical malpractice statute of limitations was unconstitutional as applied to the plaintiff because the statute expired prior to the Plaintiff's discovery of an injury. *Martin v. Richey*, 711 N.E.2d 1273, 1282 (Ind.1999). Plaintiff argues that, because DNA testing was unavailable when Plaintiff was convicted, he was unable to discover his injury until his release; and, therefore, Indiana's statute of limitations is inapplicable as applied to him.

Plaintiff's concerns have already been addressed by a litany of Federal caselaw, including *Heck* itself. The purpose of the *Heck* doctrine is to prevent the result which Plaintiff describes by tolling the statute of limitations for certain claims, such as malicious prosecution, while a plaintiff is incarcerated because discovering an injury depends on the plaintiff's sentence becoming invalidated. As far as other counts, such as search and seizure,

are concerned, the relevant caselaw cited in this order has already held that these causes accrue upon their initial happening because plaintiffs do not have to wait until their conviction is overturned to discover them. Plaintiff's argument is thus ill-founded and unwarranted in light of the lengthy judicial discourse concerning *Heck.*

Plaintiff next cites *Collins v. Day*, another Indiana case dealing with workers' compensation benefits which held that disparate treatment found within legislation must be reasonably related to inherent characteristics which distinguish between unequally treated classes. *Collins v. Day*, 644 N.E.2d 72, 80 (Ind.1994). *Collins* dealt with the Indiana workers' compensation statute's exclusion of agricultural employees from compulsory coverage. Plaintiff argues that, like the agricultural employees in *Collins*, he has suffered disparate treatment because he "is to be treated the same as an individual who [was] incarcerated for less than two years and then exonerated." (Pla. Resp. at 5).

Plaintiff is both misreading and misapplying *Collins*. *Collins* dealt with a statute which specifically excluded persons from its purview. That is not the case here. Indiana's statute of limitations for personal injuries applies equally to all persons, both in and out of prison. Further, Plaintiff's incarceration never prevented him from filing his claims while in prison and meeting § 1983's time limitations.

### 2) *Equitable Tolling*

█ In addition to Plaintiff's constitutional objections, Plaintiff argues that the Indiana statute of limitations should be tolled based on Defendants' fraudulent concealment of information concerning similar crimes in the South Bend area as well as Plaintiff's alleged incapacitation. State law governs the tolling of limitation statutes under § 1983. *Clark v. City of*

*Braidwood,* 318 F.3d 764, 767 (7th Cir. 2003). Hence, this Court must address Plaintiff's claims under Indiana law.

### i) *Fraudulent Concealment*

In his response brief, Plaintiff devotes four sentences, void of any legal argument or citation, to his theory that Defendants kept information concerning similar crimes from him, and that Defendants' conduct, for some apparent reason, should have tolled the statute of limitations on Plaintiff's § 1983 claims until his release from prison.

> "To remove a case from the operation of [a] statute of limitations because of concealment of the cause of action, there must be some affirmative act which amounts to more than passive silence. The acts relied upon must have been employed to prevent inquiry or elude investigation, or calculated to mislead and hinder the plaintiff from obtaining information, by the use of ordinary diligence, that a right of action exists." *French v. Hickman Moving and Storage,* 400 N.E.2d 1384, 1389 (Ind.Ct.App. 1980).[6]

Plaintiff has pled none of the elements to establish a claim of fraudulent concealment, nor has he shown why Defendants' failure to alert him of similar crimes, a duty which Defendants did not have, would have resulted in his increased ability to sue on issues that were not tolled by *Heck.* There was no fraudulent concealment in this case sufficient to warrant tolling of Plaintiff's claims. Plaintiff's argument is unpersuasive.

### ii) *Incapacitation*

■ Lastly, Plaintiff argues that the statute of limitations should have been tolled because Plaintiff was incapacitated while in prison and therefore unable to bring suit. Indiana does not recognize incarceration as a legal disability precluding plaintiffs' ability to bring suit. *Diaz v. Carpenter,* 650 N.E.2d 688, 691–92 (Ind.Ct. App.1995). Nonetheless, Plaintiff cites *City of Ft. Wayne v. Cameron,* 267 Ind. 329, 370 N.E.2d 338 (1977), and attempts to draw a parallel between the plaintiff, a mentally incapacitated individual, and Plaintiff, who was incarcerated while the statute of limitations ran on his claim.

Plaintiff's comparison is ill-founded. Prisoners have a long established constitutional right of access to the courts. *See generally Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Again, the purpose of the *Heck* doctrine is to preclude incarceration from preventing plaintiffs from filing suit under § 1983 for certain claims. The distinctions among claims made in Section V.A of this order stand true here, and Plaintiff is unable to circumvent *Heck* through his incapacitation argument.

### c) *Claims Remaining Viable Under Heck*

Many of Plaintiff's claims cannot be dismissed as untimely. Specifically, Plaintiff's claim for destruction of evidence under Count V is tolled by the *Heck* doctrine. *Simpson v. Rowan,* 73 F.3d 134, 136 (7th Cir.1995). Plaintiff's claim for malicious

---

**6.** *See also* Williams, Elizabeth, *What Constitutes Fraudulent Concealment,* 18 Ind. Law. Encycl. Limitation of Actions § 46 (quoting the same standard). Williams's article provides the following illustration of fraudulent concealment: "the statute of limitations in an automobile accident case was tolled on the ground of fraudulent concealment where the defendant driver fled the scene of the accident and concealed her identity for over two years, and the defendant's passenger first stated that he did not know who the driver was and that he had only just met her, and later gave a false name for the driver while testifying under oath at his deposition." *Id.* (citing *Stephens v. Irvin,* 730 N.E.2d 1271 (Ind.Ct.App. 2000)).

prosecution under Count VI also sustains statute of limitations challenges. *Heck,* 512 U.S. at 489–490, 114 S.Ct. 2364.[7]

### 2 *Claims Brought Under Indiana Law*

Counts I—IV, VI, and IX—X of Plaintiff's complaint allege violations of Indiana law and are before this Court under supplemental Jurisdiction. 28 U.S.C. § 1367. Like many of Plaintiff's Federal claims, however, all claims brought under Indiana law must be barred as untimely under the Indiana Tort Claims Act (the "ITCA").[8]

▬ Under the ITCA, a claim against a political subdivision is barred unless notice is filed with: (1) the governing body of that political subdivision and (2) the Indiana political subdivision risk management commission within one hundred eighty days after the loss occurs. Ind.Code 34–13–3–8. "A person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." Ind.Code 34–13–3–13. The ITCA applies to suits against employees of political subdivisions as well as the subdivisions themselves. *Davidson v. Perron,* 716 N.E.2d 29, 34 (Ind.Ct.App.1999) (citing *VanValkenburg v. Warner,* 602 N.E.2d 1046, 1048 (Ind.Ct. App.1992). "Compliance with the notice provisions of the ITCA is a procedural precedent which the plaintiff must prove and which the trial court must determine before trial." *Id.* (citing *Indiana Dep't of Highways v. Hughes,* 575 N.E.2d 676, 678 (Ind.Ct.App.1991)). Once a defendant raises failure to comply with the ITCA's notice requirements, the burden shifts to the plaintiff to prove compliance. *Id.* While the ITCA is inapplicable to § 1983 claims, *Estate of Conner v. Ambrose,* 990 F.Supp. 606, 617 (N.D.Ind.1997), the ITCA

applies to pendent state court claims made within a § 1983 suit. *Meury v. Eagle– Union Community School Corp.,* 714 N.E.2d 233, 242 (Ind.Ct.App.1999). A governmental entity's immunity from liability under the ITCA is a question of law for the court. *City of Anderson v. Davis,* 743 N.E.2d 359, 362 (Ind.Ct.App.2001).

Defendant argues that Plaintiff never gave notice to the city of South Bend, its police department, or the Indiana political subdivision risk management commission at any time up until the filing of this case on June 4, 2002, and that Plaintiff's claims are therefore time-barred. Plaintiff attempts to counter Defendants' ITCA argument by several means.

First, Plaintiff contends that Ind.Code 34–13–3–3(a)(8) stands for the fact that the ITCA does not apply to claims that constitute false imprisonment. Ind.Code 34–13–3–3(a)(8) states:

A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from the following...[t]he adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment. Ind.Code 34–13–3–3(a)(8).

Plaintiff argues, without citing any authority, that "Plaintiff Alexander's claims constitute false arrest and false imprisonment, and therefore, ITCA does not apply." (Pla. resp. at 2).

▬ Plaintiff is incorrect in his reading of Ind.Code 34–13–3–3(a)(8). In addition to its notice provisions, the ITCA immunizes governmental entities from suit in certain instances. Section 34–13–3–3(a)(8)

---

**7.** Plaintiff's malicious prosecution claim, however, only exists in truncated form. *See infra* Section V.C.3 (discussing Count VI of Plaintiff's complaint).

**8.** As previously stated, Plaintiff conceded that Count X's allegation concerning the intentional infliction of emotional distress should be dismissed.

merely states that governmental units in Indiana are not immune from false arrest and false imprisonment claims. It does not stand for the fact that false arrest claims are not subject to the Act's notice provisions.

Plaintiff next argues that notice was provided to Defendants in a June 4, 2002 correspondence to the Indiana Attorney General's office. Again, Plaintiff is mistaken in the ITCA's requirements. Plaintiff's alleged notice consisted of a form for personal injury or property damage submitted to the Attorney General's office to which Plaintiff attached his complaint from this case. The Attorney General's office replied to Plaintiff's correspondence on June 13, 2002 as follows: "Based on the information provided, it does not appear that the State of Indiana has any connection with this case. Therefore, unless you have some theory that would include the State of Indiana as a party, this claim will be filed with no further attention." (June 13, 2002 Ind. AG letter at 1).[9] The letter was never sent to any of the individual or municipal defendants in this case. Nonetheless, Plaintiff contends that the letter constitutes substantial compliance with the ITCA.

■ Substantial compliance with the ITCA, while a fact-sensitive test, is a question of law. *Collier v. Prater,* 544 N.E.2d 497, 499 (Ind.1989). Notice under the ITCA "must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice". Ind.Code 34–13–3–10; *See also*

*LCEOC, Inc. v. Greer,* 699 N.E.2d 763, 767 (Ind.Ct.App.1998) (listing notice elements under an earlier version of the ITCA).

■ In *LCEOC,* the Indiana Court of Appeals stated that "substantial compliance with the notice requirement [of the ITCA] may be sufficient...provided the purpose of the requirement is satisfied." *Id.* "In order to constitute substantial compliance[,] the notice must not only inform the governmental entity of the facts and circumstances of the alleged injury but must also advise of the injured party's intent to assert a tort claim." *Id.* Merely filing a complaint is insufficient notice under the ITCA. *See Kantz v. Elkhart County Highway Dept.,* 701 N.E.2d 608, 616 (Ind.Ct.App.1998) (holding that notice of a claim under the ITCA and the complaint in a resultant suit are two separate documents, the latter being filed only after the denial of the claim by a governmental entity).

■ Plaintiff's letter to the Attorney General's office does not comply with the ITCA. For one, Plaintiff's notice was addressed to the Indiana Attorney General, not the political subdivisions who were subject to suit. Secondly, even if Plaintiff's correspondence had been delivered to the applicable defendants, it fails to comport to the requirements in Ind.Code 34–13–3–10. The notice was sent over five years after many of the occurrences in the complaint and does not substantially comply with the Act's requirements. Furthermore, Plaintiff's filing a claim against Defendants cannot constitute notice under Indiana law.

■ In addition to Plaintiff's letter to the Indiana Attorney General, Plaintiff further argues that he made continuing public statements concerning his innocence

---

9. Plaintiff's notice to the Indiana Attorney General was the only document considered outside the pleadings pursuant to Fed. R.Civ.P. 12(c).

throughout the trial, giving notice of his civil claim to Defendants.[10] Plaintiff's claim, while novel, has no basis in law. Plaintiff cites no law in support of this theory, and what little law exists goes against Plaintiff's claim. *See McConnell v. Porter Memorial Hosp.*, 698 N.E.2d 865, 869 (Ind.Ct.App.1998) (holding that notice of a pending tort lawsuit may not be presumed or inferred from the mere fact of an accident or injury. The court further held that "notice to a political subdivision that there has been an accident does not, by itself, constitute substantial compliance with the statutory requirement of notice that the accident victim intends to assert a tort claim."). Notice was simply never given in this case pursuant to or in substantial compliance with the ITCA. Hence, Defendant's motion as it pertains to all Plaintiff's allegations under Indiana law is **GRANTED**.

### B Claims Dismissed Pursuant to Absolute Immunity

As stated in Section IV.B, Plaintiff concedes that his claim that Defendant officers committed perjury (Count I and portions of various counts) should be dismissed due to absolute immunity.

### C Claims Dismissed for Failure to State a Claim [11]

Plaintiff's complaint, even when read liberally, fails to articulate several key elements necessary for adequate notice under Rule 8.

### 1) Suggestive Lineups, and Witness Interviews [Counts I and VI]

### a) Suggestive Lineups [Count IV]

Count IV of Plaintiff's complaint alleges that Defendant police officers improperly influenced investigative lineups during their investigation of the River Park assaults. Defendants first assert that Plaintiff's accusations are time-barred because a judgment that the lineup was improper would not necessarily imply the invalidity of Plaintiff's conviction. (Dft. Mot. at 12–13). Defendants cite no law specifically addressing the *Heck* doctrine's application to suggestive lineups and this Court can find no conclusive authority on the issue.

Plaintiff's claim, however, is not actionable under § 1983 as it is written. *See Hensley v. Carey*, 818 F.2d 646, 649 (7th Cir.1987) ("the rule against admission of evidence from unnecessarily suggestive lineups is a prophylactic rule designed to protect a core right, that is the right to a fair trial, and it is only the violation of the core right and not the prophylactic rule that should be actionable under § 1983"). *Hensley* goes on to state that, while § 1983 claims do not exist for unnecessarily suggestive pretrial confrontations *in vacuo*, claims may be brought where a plaintiff can show that a witness who attended an unduly suggestive pretrial identification event testified at a criminal trial which resulted in the Plaintiff's conviction. *Id.*

---

10. Plaintiff cites the following incidents as constructive notice given to Defendants: Plaintiff's "not guilty" pleas during his criminal trials; a statement by Plaintiff to local media saying that "they've got the wrong man;" a March 27, 1997 article in the South Bend Tribune quoting Plaintiff's criminal attorney as stating "the wrong man is in custody" and "their case is crumbling;" a September 22, 1997 motion by Plaintiff in his criminal trial following the hung jury; a statement by Plaintiff at his March 3, 1998

sentencing that he had been falsely accused; and legal documents filed by the St. Joseph County public defender in September 2000 and December 2001 leading up to Plaintiff's release. (Pla. Response at 3).

11. All counts in Plaintiff's complaint contain additional claims against supervisory and municipal defendants. These portions of Plaintiff's complaint are summarily addressed in Section V.D.4.

■ Plaintiff counsel's poor drafting skills are an issue on this point. In Plaintiff's amended complaint, there is no allegation that witnesses present at the alleged suggestive lineup ever testified at Plaintiff's trial.[12] In Plaintiff's response to Defendants' motion, Plaintiff seems to imply that the alleged suggestive lineup resulted in an improper conviction. *See* (Pla. Response at 16) ("As Alexander went to trial twice, and was damaged by the unduly suggestive lineup, he was deprived of his right to a fair trial"). As with Plaintiff's complaint, however, Plaintiff never alleges that witnesses present at the alleged suggestive lineup ever testified at Plaintiff's trial. Hence, Defendant's motion as it pertains to Count IV of Plaintiff's complaint is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as it pertains to claims that Defendant police officers conducted unduly suggestive lineups. Should Plaintiff, after an inquiry reasonable under the circumstances, believe that the allegations and other factual contentions concerning suggestive lineups have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation, Plaintiff may refile the allegations in Count VI of Plaintiff's complaint in accordance with this order. *See* Fed. R. Civ. Proc. 11.

### 2) *Witness Interviews* [Count I]

The same reasoning holds true for Plaintiff's claims concerning witness interviews. Count I or Plaintiff's complaint states that Defendants "interviewed sexual assault victims in front of other individuals and in places where they would be less likely to be forthcoming with all of the facts, thereby eliminating the availability of exculpatory evidence." (Complaint at

¶ 210). Similar to Plaintiff's claim concerning suggestive lineups, Plaintiff's complaint never makes any allegation that Defendants' interview practices actually harmed Plaintiff. Further, this Court is unaware of any cause of action that can be based on Plaintiff's claims. Therefore, Defendant's motion as it concerns witness interviews is **GRANTED**. Plaintiff's complaint as it pertains to this matter is **DISMISSED WITHOUT PREJUDICE**. As with Plaintiff's lineup claims, Plaintiff may refile his interview allegations if done within the purview of Rule 11.

### 3) *Malicious Prosecution* [Count VI]

Count VI of Plaintiff's complaint contains a litany of various charges, many of which are not encompassed within the tort of malicious prosecution at common law. In particular, Count VI alleges that Defendant officers engaged in a series of unlawful pretrial conduct including illegally stopping and detaining Plaintiff, conducting persuasive lineups, showing Plaintiff's photo to victims, destroying evidence, and conducting an illegal search and seizure. (Complaint at ¶ 266–67). The complaint also alleges misconduct during the trial including allegations that Defendant officers "improperly instituted or caused to be instituted a prosecution against Alexander by encouraging and providing tainted, unsubstantiated, and coerced testimony." (Complaint at ¶ 269).

As stated elsewhere in this order, Plaintiff's claims for false arrest, conducting suggestive lineups, search and seizure, and perjury have either been conceded to or dismissed. Therefore, those portions of Plaintiff's malicious prosecution claim are **DISMISSED**. Plaintiff's claims concerning photo arrays and the destruction of

---

**12.** This is especially troubling since Plaintiff's amended complaint was filed after Defendants served their motion to dismiss which challenged Count IV of Plaintiff's complaint for this reason.

evidence, as stated in Sections V.D.1–2, withstand a Rule 12(b)(6) motion. Defendants' motion is thus **DENIED** as it pertains to those claims. Hence, all that is left of Count VI of Plaintiff's complaint is an allegation that Defendants' encouraged "tainted, unsubstantiated, and coerced testimony." [13]

Neither party briefed this Court on the issue of coerced testimony, and this Court cannot find any caselaw in this circuit indicating a cause of action under these circumstances. Plaintiff further failed to provide this Court with any authority concerning the issue during oral arguments. Therefore, Defendant's motion concerning Plaintiff's allegations of coerced testimony is **GRANTED**. Plaintiff's complaint as to this matter is **DISMISSED WITHOUT PREJUDICE**. Again, Plaintiff may refile his allegations on this issue if there exists any legal or factual support as outlined under Rule 11.

### D Claims Remaining

While many of Plaintiff's claims have been dismissed on various counts, several issues survive a Rule 12 analysis. In allowing these claims to proceed, this Court does not wish to suggest that Plaintiff's claims will survive a motion for summary judgment. Rather, this order holds only that these claims cannot be dismissed at this stage under Rule 12.

### 1) Photo Arrays [Count I and VI]

While not addressed in the Counts' captions, Counts I and VI include allegations

that witnesses, who were shown impermissively persuasive photo arrays, testified at trial as to the certainty of their identifications. (Complaint at ¶ 213). Unlike plaintiff's allegations concerning suggestive lineups, Plaintiff's complaint with regard to Defendants' use of photo arrays is sufficient to withstand a Rule 12(b)(6) challenge. Therefore, Defendants' motion as it pertains to Defendants' use of photo arrays is **DENIED**.

### 2) Destruction of Evidence [Count V]

Count V of Plaintiff's complaint alleges that Defendant police officers destroyed certain evidence during Plaintiff's criminal investigation. Defendants do not move to dismiss these claims against the individual Defendant officers, but do move to dismiss the allegations against the municipal and supervisory defendants. As discussed in Section V.D.4, all Monell claims against municipal and supervisory defendants should be retained for those counts not otherwise dismissed. Hence, Defendant's motion as it pertains to Plaintiff's allegations in Count V of Plaintiff's complaint is **DENIED**.

### 3) Conspiracy against Alexander as an African–American [Count VIII]

Count VIII of Plaintiff's complaint alleges that Defendants conspired to investigate and prosecute Plaintiff for the River Park assaults because he was an African–American in violation of 42 U.S.C. §§ 1985 and 1986. Plaintiff's complaint lacks any

---

**13.** This Court further notes that any claim of malicious prosecution concerning Defendants' alleged pre-arrest conduct insinuated by other portions of Plaintiff's complaint is not actionable under § 1983. See Ineco v. City of Chicago, 286 F.3d 994, 998 –999 (7th Cir.2002) ("Section 1983 provides a remedy for certain forms of trial-based government misconduct based on violations of due process—not claims of malicious prosecution.");

See also Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir.2001) ("[r]elabeling a fourth amendment claim as 'malicious prosecution' would not extend the statute of limitations [in avoidance of the Heck doctrine]...[I]f a plaintiff can establish a violation of the fourth (or any other) amendment there is nothing but confusion to be gained by calling the legal theory 'malicious prosecution.' ")

specificity as to whether there was a race-based motive for the alleged conspiracy, a meeting of the minds, an intent to conspire, or any overt acts in furtherance of a conspiracy. *See Green v. Benden,* 281 F.3d 661, 665 –666 (7th Cir.2002) (outlining the elements of racial conspiracies). Noting these deficiencies, Defendants argue that Plaintiff's complaint should be dismissed. (Dft. Resp. at 18–19) (citing *Kunik v. Racine County,* 946 F.2d 1574, 1581 (7th Cir.1991)) (holding that a properly alleged conspiracy claim must include allegations that the defendants directed themselves toward an unconstitutional action by virtue of a mutual understanding). Under the reasoning in *Kunik,* Defendant is correct. Count VIII of Plaintiff's complaint is truly deficient in this regard. It alleges no meeting of the minds and merely rehashes the events leading up to Plaintiff's conviction, alleging that they resulted from a racial conspiracy.

Plaintiff's response to Defendant's allegation is likewise deficient, again failing to directly address Defendants' claims. Without citing any legal authority, Plaintiff states the following:

> [Defendants] knew the rapes, burglaries and robberies were continuing [while Plaintiff was incarcerated], yet did not provide this information to Plaintiff. Clearly there is a conspiracy present and fraudulent concealment and Brady violation [sic] when the police knew that crimes with the same *modus operandi* were occurring while Alexander was incarcerated. This is a question for a jury to decide. (Pla. Response at 19).

From the last sentence quoted, it appears that Plaintiff counsel is confusing Defendants' motion to dismiss with a motion for summary judgment. Under either a Rule 12 or 56 standard, Plaintiff falls far short of the necessary specificity required by *Kunik.* Fortunately for Plaintiff, the Seventh Circuit no longer requires such precision when pleading a conspiracy claim. Under the liberal pleading rules of Fed. R.Civ.P. 8, "it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir.2002) (reversing an order of dismissal in a § 1983 case). Plaintiff's complaint, while factually deficient, gives Defendants notice of the general nature of his claim sufficient to withstand a motion to dismiss. Defendant's motion with regard to Count VII of Plaintiff's complaint is therefore DENIED.

### 4) *Plaintiff's Claims against Municipal and Supervisory Defendants:* [all counts]

Municipal employers and supervisors cannot be subjected to a § 1983 claim under a *respondeat superior* theory. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gable v. City of Chicago,* 296 F.3d 531, 537 –538 (7th Cir.2002). To maintain suit against a municipality under § 1983, a plaintiff must establish a "policy or custom" attributable to municipal policymakers. *Monell,* 436 U.S. at 691–94, 98 S.Ct. 2018. Plaintiffs can establish a policy or custom by showing: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 735 (7th Cir.1994).

Plaintiff's original complaint made no allegations under *Monell* or its progeny linking Defendants Gunn, the City of South Bend, or the South Bend Police Depart-

ment to Plaintiff's claims except for the failure to train or supervise claim in Count VII. Rather, Plaintiff merely included these defendants in each claim under a *respondeat superior* theory. Shortly after Defendants served Plaintiff with their motion to dismiss, Plaintiff filed an amended complaint on October 15, 2002. The amended complaint did not add any factual allegations, but merely amended each count with boilerplate language, slightly tailored to each individual count, stating that Gunn and the municipal defendants either engaged in or developed a policy or custom of conducting the alleged wrongdoings or were deliberately indifferent to Defendant officers' offences. As with the rest of Plaintiff's complaint, Count VII merely lists the alleged violations among the other nine counts, and alleges that Defendants Gunn, the City of South Bend, and the South Bend Police Department failed to train or supervise Defendant officers sufficiently to prevent these violations.

 Defendants argue that these amendments are insufficient because the facts laid out in Plaintiff's complaint do not indicate any culpability on behalf of Gunn, the City, or the Police Department. Simple notice pleading is adequate to bring a § 1983 action against governmental entities so long as a plaintiff's complaint provides the defendant entities "fair notice" of the claim and "the grounds upon which it rests," *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 165–66, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Gustafson v. Jones,* 117 F.3d 1015, 1022 (7th Cir.1997), *Jackson v. Marion County,* 66 F.3d 151, 152 (7th Cir.1995); *Baxter,* 26 F.3d at 730. Dismissal, therefore, is improper "unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Strauss v. City of Chicago,* 760 F.2d 765, 767 –768 (7th Cir.1985).

Plaintiff's complaint, while factually insufficient, is still able to overcome a motion to dismiss. *See McCormick v. City of Chicago,* 230 F.3d 319, 324–25 (7th Cir. 2000) (holding that boilerplate allegations such as those used by Plaintiff are sufficient to withstand a motion to dismiss); *see also Frieri v. City of Chicago* 127 F.Supp.2d 992, 994 –996 (N.D.Ill.2001) (holding that allegations that a defendant city failed to supervise, train, or discipline officers gave sufficient notice under Rule 12 despite the unlikelihood that a plaintiff could prove her claim).

Because Plaintiff's complaint adequately alerts Defendants of his claim, Defendants motion to dismiss as it pertains to Plaintiff's *Monell* accusations for those counts not otherwise dismissed on the underlying issues as well as Count VII's failure to train or supervise claim is **DENIED.**

## VI ANCILLARY MATTERS

### A *Plaintiff's Motion for Enlargement of Time* [Doc. No. 61]

On February 14, 2003, Plaintiff filed a Motion for Enlargement of Time to File Amendments to Pleadings and Joinder of parties [Doc. No. 61]. The motion stated that, as of February 14, 2003, Defendants had not responded to several discovery requests which had been served as far back as October 25, 2002.[14] The motion requested that this Court compel Defen-

14. This fact, if true, is especially troubling in light of this Court's January 15, 2003 order which ordered Defendants to serve Plaintiff with their responses to Plaintiff's first set of interrogatories by January 27, 2003.

dants to return Plaintiff's discovery requests as well as extend the time in which parties may amend pleadings and join parties to March 17, 2003. Defendant never responded to Plaintiff's motion.

At the March 28, 2003 hearing, Plaintiff counsel stated that Plaintiff no longer anticipated the joinder of any parties. Therefore, Plaintiff's motion as it pertains to extending the time necessary to join parties is **DENIED AS MOOT**.

Regarding amendment of the complaint itself, Plaintiff's motion failed to list any reasons as to why more time was necessary to amend Plaintiff's complaint. Parties' ability to amend complaints after entry of a scheduling order is governed by the Rule 16(b) requirement to show good cause rather than the liberal amendment procedures set forth in Rule 15(a). Fed. R.Civ.P. 16; *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D.Ind.1995). No cause being shown, Plaintiff's motion to extend this Court's deadline to amend his complaint is **DENIED**.

Regarding Plaintiff's contention that Defendant's have failed to respond to Plaintiff's discovery, this Court notes that many of Plaintiff's discovery requests may be moot in light of this order. Therefore, Plaintiff's motion, in so much as it can be read as a motion to compel, is **DENIED WITHOUT PREJUDICE**. If, upon reviewing his outstanding discovery requests in light of this order, Plaintiff finds it necessary to file a motion to compel, he may do so at that time.

### B. *Defendant's Answer to Plaintiff's First Amended Complaint.*

On October 23, 2002, this Court granted Defendants leave to answer Plaintiff's amended complaint twenty days from its disposition of Defendants' motion to dismiss [Doc. No. 46]. Defendant thus has until April 24, 2003 to file an answer to Plaintiff's first amended complaint in light of this order. Should plaintiff choose to refile the specific sections allowed by this order, Defendants shall have thirty days in which to file an amended answer in light of Plaintiff's submissions.

## VII CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. No. 28] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion for Enlargement of Time to File Amendments to Pleadings and Joinder of parties [Doc. No. 61] is **DENIED IN PART** and **DENIED AS MOOT IN PART**. Specifically, this Court rules as follows:

- *Defendant's Motion to Dismiss*

 - Because Plaintiff has conceded to dismissal, Defendants' motion as it pertains to Plaintiff's claims concerning Defendant officers' perjured testimony (Count I), the use of excessive force (various claims), false arrest (Counts II and IX) and the intentional infliction of emotional distress (Count X) is **GRANTED**.

 - Because the claims are untimely under pertinent statutes of limitation, Defendants' motion as it pertains to Plaintiff's claims concerning false imprisonment (Counts II and IX), unlawful detention (Count II), search and seizure (Count III), searches conducted pursuant to an invalid warrant (Count III), and all claims brought under pendent jurisdiction is **GRANTED**.

 - Because Plaintiff's complaint failed to state a claim upon which relief

could be granted, Defendants' motion as it pertains to Plaintiff's claims concerning suggestive lineups (Count IV), and witness interviews (Count I), is **GRANTED**. Accordingly, Plaintiff's complaint as it concerns these matters is **DISMISSED WITHOUT PREJUDICE**.

- Plaintiff shall have until **May 5, 2003** to refile these claims pursuant to the qualifications outlined in this order.

- Defendants' motion as it pertains to Count VI of Plaintiff's complaint for malicious prosecution is **GRANTED IN PART** and **DENIED IN PART**.

- Defendants' motion as it pertains to Plaintiff's allegation that Defendant officers coerced testimony is **GRANTED**. Accordingly, Plaintiff's complaint as it concerns these matters is **DISMISSED WITHOUT PREJUDICE**.

- Plaintiff shall have until **May 5, 2003** to refile this claim pursuant to the qualifications outlined in this order.

- Defendants' motion as it pertains to Plaintiff's allegations concerning photo arrays and the destruction of evidence is **DENIED**.

- Because Plaintiff's complaint states a claim upon which relief could be granted, Defendants' motion as it pertains to Defendants' conduct during photo arrays (Count I), the destruction of evidence (Count V), conspiracy against Plaintiff as an African American (Count VIII), and Plaintiff's claims against supervisory and municipal defendants for all claims in which the underlying issue is not dismissed is **DENIED**. Defendant's motion as it pertains to Plaintiff's claims against supervisory and municipal defendants for all claims in which the underlying issue is dismissed is **GRANTED**.

- *Plaintiff's Motion for Enlargement of Time*

 - Plaintiff's motion as it pertains to the time necessary to join parties is **DENIED AS MOOT**.

 - Plaintiff's motion as it pertains to the time necessary to amend Plaintiff's complaint is **DENIED**.

 - Plaintiff's motion in so far as it can be read as a motion to compel is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**